20 So.2d 864

### ANDERSON v. STATE ex rel. DORMON, Deputy Solicitor.

### 7 Div. 805.

Supreme Court of Alabama.
Feb. 1, 1945.

Rehearing Denied March 1, 1945.

Rutherford Lapsley, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for appellee.

FOSTER, Justice.

This is a condemnation proceeding of an automobile under sections 247 and 248, Title 29, Code, alleged to have been used in the transportation of prohibited liquors from one point in this State to another point in this State, in a dry county, to-wit, Calhoun. It was being operated at the time by John R. Anderson and another colored soldier, transporting thirty-two quarts and eleven pints of whiskey with the Georgia stamp on it. This was near Camp McClellan and the car going in that direction. John R. Anderson claimed the whiskey. This was between 9 and 10 o'clock, at night.

John Anderson, the father of John R. Anderson, intervened as claimant of the car, and insisted that he knew nothing of its illegal use by his son. John Anderson lived in Atlanta, and worked as a common laborer for the Southern Railway Company. There was no denial of the illegal transportation of whiskey in the car in Calhoun County. The intervener claimed that he bought and paid for the car, though he cannot drive one, and turned it over to his son John R. Anderson who was a soldier at Camp McClellan, who drove it frequently to Atlanta on visits home. There was much liquor being illegally brought into the camp and sold. The provost marshal with the aid of the county officers was trying to break it up. This car was suspicious, and was run down and the liquor found.

The burden is upon the intervener after such a case is proven to establish (1) his superior claim, and (2) that he had no knowledge or notice of the illegal use of the vehicle, and could not by reasonable diligence have obtained notice thereof to prevent that illegal use. Section 250, Title 29, Code; State v. One Lexington Automobile, 203 Ala. 506, 84 So. 297; State v. Crosswhite, 203 Ala. 586, 84 So. 813; State v. Merrill, 203 Ala. 686, 85 So. 28.

The evidence was by the testimony of witnesses given in open court before the judge trying the case. He heard and saw the witnesses and the original documentary evidence.

It was such as that the conclusion of the judge had reasonable foundation, on account of the incredible nature of the evidence of the intervener. A discussion is not necessary or appropriate.

The decree is affirmed.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.