20 So.2d 719

### PARKER v. STATE ex rel. EMBRY, Solicitor.

7 Div. 796.

Supreme Court of Alabama.

Feb. 1, 1945.

Motley & Motley, of Gadsden, for appellant.

373

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for appellee.

THOMAS, Justice.

The State of Alabama by and through the solicitor of the sixteenth judicial circuit filed a complaint in the Circuit Court of Etowah County, in Equity, against Virgel Parker, and one 1940 Plymouth two-door, black automobile, tag, Alabama 61C—3047, Motor No. P10—3550, under the provisions of Title 29, Sections 247, 248 et seq., Code 1940, and prayed for the condemnation and forfeiture of said automobile.

The appellant intervened and filed a claim to said automobile according to the law in such cases made and provided.

The evidence adduced on behalf of complainant in the court below fully supported the allegations of the complaint. It was not controverted that the respondent, Virgel Parker, was driving the automobile here in question at the time he was arrested and charged with violating the prohibition laws and that he had three cases of whiskey in said car at the time of the arrest.

Claimant and his witness gave testimony tending to show that he had no knowledge that his automobile was being used on this occasion by his brother, the respondent, or anyone else. That he was sick in bed on the day that respondent was arrested and that he must have been asleep when the respondent came to his room and got the car keys from the dresser, as he did not know the car was gone until advised in this regard by Porter Green after respondent's arrest.

Respondent and claimant are brothers and at the time of respondent's arrest they were living together in the same house. Both had been convicted in the City Court for violating the prohibition law,—respondent many times and claimant more or less. Claimant testified that on one occasion in 1943 or 1944 he paid a fine in the circuit court for violating the prohibition law, but that he just paid off for his brother, the respondent here, as the whiskey belonged to respondent and not to claimant.

State's proceedings to condemn automobile against the person allegedly us-

ing it in transporting liquor, and not against the automobile itself, is proper under the statute. Commercial Credit Co. v. State, 224 Ala. 123, 139 So. 271..

■ The burden of proof is cast by Section 248, Tit. 29, Code 1940, on the intervening owner or claimant: (1) To establish his superior title thereto, and (2) To prove that he had no "knowledge or notice" of the illegal use of the vehicle or could not "by reasonable diligence have obtained knowledge or notice thereof," to prevent tnat illegal use.

The contract of purchase of the car was in evidence showing a small amount still due on the purchase price and the dealer's recommendation and assignment of surety without recourse.

The witness Allenstein testified that his company owned the car and that his transactions were with Curtis Parker and not with Virgel Parker. He further testified:

"I operate a finance office and I lend money and finance automobiles. The car belonged to Dixie Sales on Feb. 23, 1943 and they sold it to Curtis Parker and I furnished the money with which to take care of it. This Exhibit 1 is the conditional sales contract I took on it at that time. It has never been recorded in this county. We do not record any of our contracts. The Exhibit 2 had never been recorded. Exhibit 1 was executed on Feb. 23, 1943 and I handled the transaction myself.

"We relied on our past record on Curtis Parker and original credit reports. I did not talk with any officer of the law about his record; that is not customary. At that time, I did know that he was not engaged in the liquor business. I did not know that Curtis Parker previous to that time had been convicted for violating the prohibition law. I made no inquiry about it on February 23rd. I did not know that he had been convicted for reckless driving on Dec. 29, 1940.

"He still owes $108.50 on the car. I don't know who executed the bond to get possession of the car. I don't think I signed the bond. I would have signed the bond if he had asked me to. He told me it had been caught and I would have signed the bond if he had requested me to. I have a great deal of regard for Curtis Parker's ability to pay."

The court, among other things, found that, "On or about the 5th day of July, 1943, Fay Boman, and Floyd Vinyard, who were then and there Detectives in the City of Gadsden in said County and State, while in the discharge of their duties as such officers did then and there seize certain property, to-wit: One 1940 Plymouth two-door, black automobile, Tag Alabama 61C—3047, motor number P.10—3550, three cases, each containing prohibited liquors. * * * That at the time of such seizure said motor vehicle was in the possession or under the control of the said Virgel Parker, and that at said time said Virgel Parker was illegally conveying and removing contraband whiskey from one point in the State of Alabama to another point in the State of Alabama and in the County of Etowah, in violation of law as averred in the bill of complaint, and that claimant, knew or should have known of said illegal use of said automobile."

The court "further finds and decrees that all claims to said motor vehicle are hereby forever barred. * * *."

■ It has been held by this court that the general bad character of the person in possession of whiskey and the vehicle in which the same is being carried in the community of his residence or his place of business is sufficient to impute notice to the claimant. Riley-Atkins Chevrolet Co. v. State, 224 Ala. 42, 138 So. 412; 82 A.L.R. 612; Auburn Sales Co. v. State, 223 Ala. 184, 134 So. 867.

■ Where the facts of bad reputation of the purchaser were presumptively accessible to the claimant, his failure to make inquiry is negligence which must result in forfeiture. State v. Gadsden Loan & Trust Co., 214 Ala. 68, 106 So. 337.

Where the property is found in unlawful use the burden is on the claimant to show he had no notice of the unlawful use and could not have acquired such knowledge by due diligence. May v. State, 211 Ala. 449, 100 So. 780.

In order for bad character to constitute notice and impose upon claimant the duty of active diligence, the bad character must be a general reputation, proven in the same manner as bad character is established. Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868; Equitable Credit Co. Cases v. State, 212 Ala. 406, 407–409, 102 So. 802, 803, 805.

The long obtaining rule is this jurisdiction as to condemnation of property, under

the provisions of the statute, touching contraband liquors, is well understood. Code 1940, Tit. 29, §§ 209–247. In Maples v. State, 203 Ala. 153, 82 So. 183, and State v. Hughes, 203 Ala. 90, 82 So. 104, it was decided that the statute does not contemplate the condemnation of property of those who do not aid or assist in the unlawful transportation, etc., of liquors, or of those who are not chargeable with actual notice of facts amounting to a knowledge that their property is to be used for such unlawful purpose.

The rule was again upheld in the recent decision of Pickett v. Matthews, 238 Ala. 542, 192 So. 261, 264, where the just observation was made that, the police power is sometimes superior to personal and property rights which yield to the general welfare. For example, property "itself is sometimes forfeited to the State when the legislature finds it necessary to the police protection of the people," citing the Maples case, supra.

The instant record has been carefully examined, and as observed in Davis v. Davis, 241 Ala. 385, 2 So.2d 780;

"It will serve no good purpose to indulge in a discussion of the evidence. Code 1923, § 10336, Code 1940, Tit. 13, § 66.

"In Barley v. Wright et al., 233 Ala. 283, 171 So. 247, 248, it is declared: 'The question for consideration is one of fact, and in such cases, since the passage of the Act of 1915, p. 594 (Section 10336, Michie's Code (Code 1940, Tit. 13, § 66)), it has not been the policy of this court to enter into a detailed discussion of the evidence. Caples v. Young, 206 Ala. 282, 89 So. 460. We rest content, therefore, with rather general statements and conclusions, after a most careful study of the proof.'"

We find no reversible error in the decree of the circuit court. The facts warranted the assumption of knowledge on the part of the owner of the automobile for its use in the illegal transportation of the prohibited liquors.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY JJ., concur.