24 So.2d 266

## SNYDER v. STATE.

### 6 Div. 273.

Supreme Court of Alabama.

Dec. 20, 1945.

Gordon Davis, of Tuscaloosa, for appellant.

Wm. N. McQueen, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for appellee.

THOMAS, Justice.

The suit is for condemnation of an automobile under the statutes. Code 1940, Tit. 29, §§ 245 and 248; Thomas v. State, 241 Ala. 381, 2 So.2d 772.

There is no insistence in the pleading that the transportation was from a wet

county through a dry county into another wet county in the state. Williamson v. State ex rel. Evans, 244 Ala. 609, 14 So.2d 587; Newton v. State, 241 Ala. 1, 200 So. 428, 134 A.L.R. 420. The charge is illegal transportation or conveyance of prohibited liquors or beverages from point to point in the County of Tuscaloosa, which we judicially know is a dry county.

■ The cause was tried before the court rendering judgment of condemnation on oral testimony and is subject to the usual presumptions supporting a verdict of a jury.

■ It is well settled in this jurisdiction that before an automobile can be condemned and sold by the State of Alabama, the evidence must show the automobile was transporting illegal liquors from a point in the state to and in a dry county, and if the owner of the automobile was not driving the car himself but had loaned it to another party who was driving at the time the automobile was seized, the evidence must show by positive proof that the owner knew or should have known or could have known by due diligence that the automobile was transporting illegal liquors in a dry county, or that the party he loaned the automobile to had such a reputation for handling and dealing in liquors that the owner should have known the said person was likely to illegally transport liquors in the automobile on the occasion the car was to be used and was used. State v. Hughes, 203 Ala. 90, 82 So. 104; Code 1940, Tit. 29, § 250; Parker v. State ex rel. Embry, Solicitor, 246 Ala. 372, 20 So.2d 719; Anderson v. State ex rel. Dormon, 246 Ala. 468, 20 So.2d 864.

■ That is to say, this court has repeatedly held that in condemnation proceedings of this character, the burden is upon the intervenor (claimant) to establish his superior claim, and that he had no knowledge or notice of the illegal use of the vehicle and could not have by reasonable diligence obtained notice thereof to prevent the illegal use of the car in the respects indicated. The testimony of the witnesses, Scarbrough, Waites, Kramer, meets the requirements of the law which authorized condemnation of the vehicle used for the conveyance of contraband liquor from one point in the state to another and in the dry County of Tuscaloosa.

■ The claimant and respondent were friends of long standing, knew that each other were addicted to drinking liquor and by the statement of claimant himself to the policeman that he knew that liquor was in the car at the time he lent it to Hankins to drive, he verifies the fact of illegal transportation.

The instant record has been examined, and as observed in Davis v. Davis, 241 Ala. 385, 2 So.2d 780, it would serve no good purpose to indulge in a full discussion of the evidence. Code 1940, Tit. 13, § 66.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.