27 So.2d 867

## MIDDLEBROOKS v. STATE ex rel. DORMON.

### 7 Div. 885.

Supreme Court of Alabama.

Nov. 21, 1946.

Knox, Liles, Jones & Woolf, of Anniston, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for appellee.

FOSTER, Justice.

This is an appeal· from a decree ordering the condemnation and sale of an automobile for transporting prohibited liquor in a dry county from one place to another. Sections 248, 249 and 250, Title 29, Code.

The petition named H. D. Middlebrooks as owner of the car. H. L. Middlebrooks intervened and claimed that he had a valid mortgage on it, alleging that the mortgage was for $1,000.00, and he claimed an attorney's fee of $100.00 expense of interposing his claim. The petition for intervention did not seek a foreclosure of the mortgage and did not make H. D. Middlebrooks a party to it, and sought no relief as against him.

The trial court expressed the opinion that complainant was entitled to relief, denied the claim of H. L. Middlebrooks in its entirety, and ordered a condemnation and sale of the automobile. There was no finding of facts by the trial court, so we do not know whether he found that H. L. Middlebrooks did not in good faith have an unsatisfied mortgage or whether he failed to prove that he had no knowledge or notice of the proposed illegal use of the automobile, and by reasonable diligence could not have had such notice. The duty was upon him to prove those conditions to support his claim. Section 250, Title 29, Code; Parker v. State, ex rel. Embry, 246 Ala. 372, 20 So.2d 719; Anderson v. State ex rel. Dormon, 246 Ala. 468, 20 So.2d 864; Snyder v. State, 247 Ala. 278, 24 So.2d·266.

H. D. Middlebrooks has not assigned errors nor joined in the appeal. So that the condemnation of his interest is not affected.

We think the claimant has by the uncontradicted evidence, which shows no reason to doubt its truth, met both the requirements to sustain the claim. H. L. Middlebrooks was a brother of H. D. Middlebrooks.

On May 22, 1946, the car was searched, not said to have been on a suspicion that it contained prohibited liquor. It had a No. 31 (representing the county of Etowah) tag on it, and for that reason, in Calhoun County, the officers said they stopped it and searched it, and found a five gallon jug, and ten one gallon cans, of whiskey in it. H. D. Middlebrooks was driving it and his wife was with him. H. D. Middlebrooks had a transfer of the license on the car, approved by the judge of probate of Etowah County. He was released from military service September 29, 1945, where he had been a private for five years. He had bought and traded cars a time or two, and acquired the one in question January 28, 1946. He owed nothing on the purchase price.

But he wanted to buy a house and needed $1,000.00 to make a cash payment and buy furniture. His brother, H. L. Middlebrooks, the claimant, was working at Kilby's and had been making $90.00 to $130.00 a week, working seven days, and on February 11, 1946, had in the bank around $2,200.00, and $1,300.00 cash at home. At the time of the trial he had around $2,500.00 in the bank and his wife then and there had with her $900.00. He gave the name of the bank. There is nothing to reflect on this testimony, although its falsity could have been ascertained at the bank, so far as the account was concerned.

■ On February 11, 1946, he loaned H. D. Middlebrooks $1,000.00, and gave him the money out of what he then had at home. He instructed H. D. Middlebrooks to have a mortgage made and executed on the car. He had this done at Heflin, Cleburne County, and executed the mortgage in Cleburne County, his old home, and where his father still resided, on February 11, 1946, before an officer there, gave it to H. L. Middlebrooks, and it was filed for record on that day in Calhoun County, where he lived. He had paid $250.00 on the mortgage before the date of trial.

There was evidence of the good character of H. D. Middlebrooks, and that he had never been charged with violating the prohibition law before, and that he had never transported any liquor before except a small amount for his own use. This relieved H. L. Middlebrooks of the imputation of negligence in not making further inquiry. Biggs v. Frazier, 222 Ala. 180, 131 So. 442.

H. L. Middlebrooks had never heard of his brother violating the liquor laws, and knew nothing of his purpose to do so on this occasion, and had no reason to suppose he would do so, being of good character.

■ From this evidence we do not think the claim of H. L. Middlebrooks should have been denied. But of course the decree condemning the equity of redemption owned by H. D. Middlebrooks was without error, and is not questioned.

We are requested in brief to declare whether an attorney's fee is a proper allowance to the mortgagee. But we have no occasion here to determine the amount of the mortgage debt or any feature of it, and there is no status of the pleading which justifies our doing so. That is a matter between the mortgagee and the owner of the equity of redemption on a proper issue made as to it. No such issue is here made. No effort is made to foreclose the mortgage, nor is H. D. Middlebrooks called upon to answer such a claim, and has not done so.

■ The sale will be of his equity of redemption as under execution, provided for in section 519, Title 7, Code. The purchaser of it gets it as it is, and he must then settle with H. L. Middlebrooks the matter of a redemption, and the unpaid amount of the mortgage debt. Bonner v. Lockhart, 236 Ala. 171, 181 So. 767. The only inquiry here relates to the good faith of the mortgage as to whether it has all been paid. We think it was made in good faith and not fully paid.

The decree of the trial court will be corrected so as to allow the claim of H. L. Middlebrooks on account of his mortgage, and so that the condemnation and sale will be only of the equity of redemption. As

under section 250, Title 29, supra, only the right of H. D. Middlebrooks can be sold. We have no authority to sell it free of the mortgage, and out of the proceeds settle the mortgage debt.

The decree of the trial court is to that extent modified and affirmed.

Modified and affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.