48 So.2d 776

**SHROPSHIRE v. STATE ex rel. WILLIAMS, Deputy Solicitor.**

**7 Div. 22.**

Supreme Court of Alabama.

Nov. 16, 1950.

Knox, Jones, Woolf & Merrill, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Mac Donald Gallion, Asst. Atty. Gen., for appellee.

LIVINGSTON, Justice.

The State of Alabama, by R. Clarence Williams, Deputy Solicitor of Calhoun County, Alabama, filed a bill of complaint in the Circuit Court, in Equity, of Calhoun County to condemn one 1940 Chevrolet automobile for illegally transporting prohibited liquor in said county. The bill made Fred Roy Taylor and one 1940 Chevrolet automobile, motor No. 3236734 respondents.

Willis Shropshire and the Cherokee County Bank, at Centre, Alabama, intervened by petition and claimed the automobile. Shropshire claimed as owner and the bank as mortgagee. Taylor failed to answer the :

bill and a decree pro confesso was entered against him. On an oral hearing before the court below the claims of Shropshire and the bank were denied, the automobile condemned and ordered sold. Shropshire appealed to this Court.

It is well settled that in proceedings to condemn an automobile used in the illegal transportation of liquor, the burden is upon claimant to establish his superior claim and that he had no knowledge of the illegal use of the automobile and by reasonable diligence could not have obtained notice thereof to prevent its illegal use. Title 29, section 245 et seq., Code of 1940; Snyder v. State, 247 Ala. 278, 24 So.2d 266; Parker v. State ex rel. Embry, 246 Ala. 372, 20 So.2d 719; Anderson v. State ex rel. Dorman, 246 Ala. 468, 20 So.2d 864; Middlebrooks v. State ex rel. Dorman, 248 Ala. 402, 27 So.2d 867.

It is well understood that in such proceedings the usual presumption of verity attends the findings of the trial court on testimony taken ore tenus before it. Snyder v. State, supra. But the rule will not be applied where there is no conflict in the evidence touching or bearing upon the issues presented. Auburn Sales Co. v. State, 219 Ala. 360, 122 So. 463; Edwards v. State, 213 Ala. 122, 104 So. 255; Morrison v. State, 251 Ala. 289, 37 So.2d 196.

On the issues here involved the evidence is without conflict, and under the rule it is our duty to sit in judgment on that evidence. This duty we have performed and find ourselves compelled to disagree with the learned trial judge who tried the case. As we read the record, the following facts are without dispute: At about 4:30 on the morning of March 17, 1949, officers of the law, after watching the car for about three hours "playing back and forth" on the Gadsden Highway, seized the automobile sought to be condemned at Knighton's cross roads, about eight miles west of Piedmont in Calhoun County, and in said automobile at the time were fourteen gallons of "white" whiskey or untaxed liquor. At the time of such seizure the automobile was being operated by one Fred Roy Taylor. Another person

was in the car with Taylor, but that person escaped and there is no evidence from which an inference can be drawn that the person escaping was the claimant, Shropshire, or that Shropshire was in the car at any time while the officers were watching it "play back and forth" on the Gadsden Highway.

The only other evidence in the case was the testimony of claimant, Willis Shropshire, and his wife; Wesley Weaver, and Mr. and Mrs. Cave. Shropshire testified that he owned the automobile in question; that his wife is the sister of Wesley Weaver; that on the afternoon of March 16, 1948, he and his wife went to the home of Wesley Weaver; that Mr. and Mrs. Cave were at Wesley Weaver's home or came there later in the afternoon; that Wesley Weaver's home is about twelve to fifteen miles from Knighton's cross roads; that on this occasion the Weavers, Shropshires and Caves decided to play rook; that Lloyd Vaughan, the sixteen year old son of a sister of Mrs. Shropshire, was also at the Weaver home on that occasion, and asked Shropshire for the loan of his car to visit his girl friend that night, which request was granted; that Vaughan took the car and left Weaver's home about 7:00 or 8:00 o'clock that evening and did not return until the next morning after the car was seized by the officers; that the rook game "broke up" about mid-night, and the Shropshires and Caves stayed the remainder of the night at the Weavers; that Shropshire did not leave the Weavers' home on the night the car was seized; that Lloyd Vaughan had never been arrested, and had never been connected with whiskey in any way; and that his reputation in the community in which he lived was good.

The foregoing testimony of Shropshire is corroborated in every detail by Mrs. Shropshire, Wesley Weaver and Mr. and Mrs. Cave. It would serve no useful purpose, therefore, to set it out here in detail.

Shropshire also testified that Lloyd Vaughan had borrowed the car before and had always returned it; that he (Shropshire) had no knowledge of the car being used to transport whiskey on the night in question; that he was in no way interested in the whiskey, knew nothing about it; did

not know Fred Roy Taylor, and had never seen him. Mrs. Shropshire, Wesley Weaver and Mr. and Mrs. Cave also testified that they did not know Taylor and had never seen him. Shropshire admitted that he had not been regularly employed for about a year, but had averaged working about two days a week over that period and that he had a whiskey record.

■ In the absence of Shropshire's whiskey record, there is no evidence upon which to base a condemnation of his property. Is his record in that regard sufficient for that purpose? We think not. The statute, section 248, Title 29, Code of 1940, does not contemplate the condemnation of property of those who do not aid or assist in the unlawful transportation of liquors, or who are not chargeable with notice or knowledge that their property is to be used for such unlawful purpose. Briscoe Motor Co. v. State, 204 Ala. 231, 85 So. 475; Commercial National Bank of Anniston v. State, 251 Ala. 409, 37 So.2d 644; Edwards v. State, supra.

■ Admittedly Shropshire was not operating the car on the occasion complained of, and so far as the record shows he did not know, nor was he chargeable with notice or knowledge, that his automobile was to be used by Vaughan for the purpose of transporting prohibited liquors.

We are clear to the conclusion that, under the undisputed evidence before us, the judgment of the court below is founded in error.

Reversed and remanded.

FOSTER and STAKELY, JJ., concur.

LAWSON and SIMPSON, JJ., concur in result.

BROWN, J., dissents.

BROWN, Justice (dissenting).

This is a proceeding in rem against the automobile seized by the officers of the law while it was actively engaged in transporting prohibited liquors, untaxed "white moonshine whiskey", and the fact that the car was engaged in this act made a *prima facie* case for its condemnation. Shropshire, who interposed a claim to the car,

has appealed from the decree of the court condemning the car and ordering its sale. The burden was on him to reasonably satisfy the court that he was without guilty knowledge or participation in the act which rendered the vehicle contraband. Snyder v. State, 247 Ala. 278, 24 So.2d 266; Smith v. State, 253 Ala. 365, 44 So.2d 759.

The evidence offered by the intervenor was given *ore tenus* and his personal testimony showed that he was without employment except for about two days a week; that he turned the car over to his 17 year old nephew ostensibly to visit his "girl friend". In place of visiting his girl friend, he went direct to the community where the car was seized wanting liquor and was told by Taylor or some other person that they would have to have the car to go and get the liquor. He turned the car over to Taylor, according to his statement as testified to by the intervenor when he reported his acts to the lender of the car. Just before the car was seized there were two persons, Taylor and another, in the car. The unidentified person got out of the car and ran away.

The intervenor admits that he had been convicted of unlawfully selling liquor—engaging in the business of bootlegger.

The evidence shows from the time he delivered the car to his nephew, he and the others in the home of his relative engaged in cardplaying up until twelve o'clock. Neither Taylor nor the nephew Vaughan testified on the trial. The burden being on the claimant, the fact that he did not use or call the witnesses, his relatives and friends, to exculpate him from guilty knowledge authorized an inference that his bailee or agent Vaughan was acting for him in having the car loaded with moonshine whiskey. Moreover, the court was also authorized to draw an inference that the card game engaged in by the parties was to build up a "smoke-screen" or alibi, in anticipation of the results that followed Vaughan's attempt to get a load of moonshine whiskey and justified the conclusion and decree of the court which, in my opinion, was without error and should be affirmed.

I, therefore, respectfully dissent.