90 So.2d 756

**MODERN CREDIT COMPANY, Inc.**

v.

**STATE of Alabama ex rel. William F. THETFORD, as Solicitor.**

**3 Div. 745.**

Supreme Court of Alabama.

Nov. 15, 1956.

John Patterson, Atty. Gen., and Owen W. Bridges, Asst. Atty. Gen., for appellee.

Donald McKay, Montgomery, for appellant.

SPANN, Justice.

The State of Alabama, by William F. Thetford, Solicitor of the Fifteenth Judicial Circuit of Alabama, filed a complaint in the Circuit Court of Montgomery County, In Equity, against one 1950 Cadillac Sedan, Motor No. 506116301, tag No. 3–34277, property of James Moore, in accordance with the provisions of Title 29, Sections 247, 248 et seq., Code 1940. The prayer of the complaint was for the condemnation and forfeiture of said automobile.

The appellant intervened and filed a claim to said automobile and alleged in its intervening petition that appellant obtained legal title to said automobile by virtue of a certain contract of conditional sale dated June 27, 1955.

Appellant further alleges in his said petition:

"That prior to your petitioner's purchase of said contract, your petitioner did purchase a contract wherein the said James Moore did purchase a 1953 Oldsmobile 98, Motor Number 539A4001. That in connection with the sale of this automobile, your petitioner was informed by the conditional vendor that an investigation of the credit of the vendee was made and that there was nothing to indicate that there would be any 'hazard' involved in the transaction. Your petitioner also states that a certificate was obtained from the Supervisor in charge of the Alcohol and Tobacco Tax Unit, U. S. Treasury Department, Birmingham, Alabama Division, to the effect that prior to July 13, 1954, the said James Moore had not been involved in the handling, making or selling of liquor illegally; that the said James Moore did wreck the aforesaid 1953 Oldsmobile, and that the Cadillac automobile now at issue was turned over to the said James Moore as a part of the settlement involved in the collision, and though the date of the new contract at issue is approximately one year subsequent to the date of the affidavit of the Supervisor of the Alcohol and Tobacco Tax Unit aforesaid, it is respectfully called to the attention of your honor that this is one continuing transaction."

The fact of the seizure of the said automobile by deputy sheriffs of Montgomery County, Alabama, while being used by said James Moore for illegal conveyance and removal of prohibited liquors contrary to law was stipulated by the solicitor representing the State of Alabama and counsel for appellant. It was further stipulated:

" * * * that the defendant, James Moore, became indebted to the intervening petitioner, Modern Credit Company, Incorporated, by virtue of an assigned contract which Modern Credit Company, Incorporated, purchased in due course of business on or about July 13, 1954, and on July 12, 1954, intervening petitioner did seek to establish the reputation of the defendant, James Moore, as to convictions, or suspicions, or reputation, connected with illicit whisky, and the Alcohol Tax Unit replied on July 13, 1954, that the defendant, James Moore, had no previous convictions. The intervening petitioner therefore proceeded to finance the automobile described heretofore as the 1953 Oldsmobile, not the automobile at issue in these proceedings. Prior to the arrest of the defendant on or about February 18, 1955, the defendant, James Moore, was involved in an automobile accident destroying the collateral of the intervening petitioner. This left the defendant, James Moore, at that time without means of transportation, and the account technically delinquent, pending any adjustment which might be made by the insurance company who had insurance on the 1953 Oldsmobile. The original dealer, therefore, turned over to the defendant, James Moore, the 1950 Cadillac automobile at issue, pending settlement from the insurance company.

"On July 28, 1955, the insurance company settled the claim satisfactorily as to all interested parties. The intervening petitioner had substituted the 1950 Cadillac at issue for the destroyed 1953 Oldsmobile, and the instrument covering this vehicle was executed on June 27, 1955. The intervening petitioner felt that in the light of the facts, that the Cadillac automobile was being substituted for the destroyed automobile, and in the light of the facts that this was not a new transaction, as such, but on the contrary an adjustment created as a result of the destruction of the 1953 Oldsmobile, it would not be necessary to run a credit check,

nor check the reputation of the defendant, James Moore at that time, since he had been satisfactorily checked previously by the company to determine whether or not this indebtedness would be charged against his account. The Cadillac automobile had no payments made on this account at the time the defendant, James Moore, was arrested, and as stated in the original petition, intervening petitioner had not had sufficient time to record their instrument as of the date of the arrest. The account was satisfactorily settled by the insurance company on July 28, 1955, subsequent to the date of the arrest of James Moore.

"It is stipulated further between the parties that said James Moore on, to-wit, July 8, 1955, was convicted of the offense of violating the prohibition law, and that on, to-wit, July 14, 1955, said James Moore was apprehended by the Sheriff, or his deputies, of Montgomery County, Alabama, while in the process of transporting five gallons of illegal, un-tax-paid liquors.

"In connection with the two above-referred to arrests, the contractual obligation having to do with the substitution of the Cadillac automobile for the destroyed Oldsmobile was signed on June 27, 1955, prior to the arrests or convictions of the defendant, James Moore.

"It is further stipulated that at the time the transaction was concluded, the seller did not make any inquiry as to the reputation of the purchaser, James Moore."

The trial court denied appellant's claim and declared the said automobile to be contraband and forfeited to the State of Alabama.

■ In a proceeding such as the one before us to confiscate an automobile seized while in the transportation of contraband liquors, burden is on the intervening claimant to show superior title and to prove that he had no knowledge or notice of the illegal use of the vehicle and could not have by reasonable diligence obtained notice thereof. Snyder v. State, 247 Ala. 278, 24 So.2d 266; Shropshire v. State, 254 Ala. 470, 48 So.2d 776; Title 29, § 245 et seq., Code 1940; Parker v. State, 246 Ala. 372, 20 So.2d 719; Anderson v. State, 246 Ala. 468, 20 So.2d 864; Middlebrooks v. State, 248 Ala. 402, 27 So.2d 867.

■ The general bad character of a person in possession of whiskey and the vehicle in which the same is being carried in the community of his residence or his place of business is sufficient to impute notice to the claimant. Parker v. State, 246 Ala. 372, 20 So.2d 719, Riley-Akins Chevrolet Co. v. State, 224 Ala. 42, 138 So. 412, 82 A.L.R. 612; Auburn Sales Co. v. State, 223 Ala. 184, 134 So. 867.

Appellant contends that it fully met the burden of proof but that the State failed to show the general bad character of the person in possession of the vehicle at the time it was seized; that there was absolutely no evidence before the court as to the bad reputation, general or otherwise, of the defendant, James Moore; and that the evidence before the lower court was insufficient to justify condemnation of the said automobile.

■ Appellee, without responding to the position taken by appellant, rests its case upon the single contention that the decree of the chancellor must be affirmed for the reason that it affirmatively appears from the record that a portion of the evidence upon which the decree of the chancellor was founded is not before us for consideration.

In its brief, appellant states:

"* * * The case was submitted for final decree upon the bill of complaint, the intervening petition of the appellant together with exhibits thereto, a disclaimer by James Moore, and

a stipulated set of facts which were agreed to by and between the appellant and the Solicitor of the 15th Judicial Circuit of Alabama. * * *"

The pertinent portion of the note of submission is as follows:

"Complainant, being called, offers the following testimony, to-wit:

"1st. Original Bill of Complaint.

"2nd. Answer and disclaimer of James Moore.

"3rd. Stipulation of the parties.

"4th. Testimony of M. S. Butler and J. D. Talley, taken orally before the Court."

The chancellor's decree in pertinent part is as follows:

"This cause coming on to be heard is submitted for final decree upon the Bill of Complaint, acceptance of service and disclaimer of the Respondent, James Moore, petition of intervention and claim of Modern Credit Company, Inc., stipulation of counsel and testimony taken orally in open court as noted by the Register. * * *"

■ Thus, as shown by the note of submission and the court's decree there was testimony taken ore tenus before the court. But none of such oral testimony so taken is included in the record. It is true that the certificate of the register is to the effect that all of the proceedings in the cause are included in the record, but this certificate is not controlling in a case where the note of submission and decree of the lower court affirmatively show that the evidence not included in the record was before said court. In the case of Compton v. Compton, 235 Ala. 174, 177 So. 900, 901, we said:

"The certificate of the clerk to the transcript that it is all the evidence must be taken in the light of the note of testimony and decree of the court referring to the exhibits, as well as the transcript of the evidence to the same effect. Patton v. Endowment Department of A. F. & A. M., 232 Ala. 236, 167 So. 323."

■■ Our cases are uniform to the effect that the conclusions or findings on the facts of the chancellor will not be reviewed when it affirmatively appears there was evidence before the court which is not set out in the record. Of course, we have no way of knowing what influence the omitted evidence may have had upon the trial court's conclusion, since we have nothing before us indicating the character or weight of such omitted testimony. The presumption must be indulged that the omitted evidence gave support to the findings of the trial court. Wood v. Wood, 119 Ala. 183, 24 So. 841; Compton v. Compton, 235 Ala. 174, 177 So. 900; Patton v. Endowment Department of A. F. & A. M. of Alabama, 232 Ala. 236, 167 So. 323; Gipson v. Hicks, 243 Ala. 617, 11 So. 2d 461.

We are clear to the conclusion, therefore, that upon this condition of the record and upon the well established rule above noted, the decree of the lower court must be affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.