HARWOOD, MADDOX, FAULKNER and JONES, JJ., concur.

290 So.2d 170

**J. Shiers JONES**

v.

**LOFTIN TIRE COMPANY, INC.**

**SC 492.**

Supreme Court of Alabama.

Feb. 14, 1974.

———◆———

Eddie Leitman, Berkowitz, Lefkovits & Patrick, Birmingham, for appellant.

A. Vincent Brown, Bessemer, for appellee.

FAULKNER, Justice.

The issue before the trial court was whether the lessor or the lessee was obligated for the cost of repairs to the asphalt surface of the leased premises upon which vehicles were driven and parked in connection with the lessee's business.

The lease, inter alia, provided that,

"Lessor further agrees, at its own expense to make all structural repairs and replacements, all repairs, painting and replacements to the outside of the improvements on the premises, including the roof, and all repairs and replacements to the elevator which may become necessary during the term of this lease, and to replace all broken window glass resulting from causes other than tenant's negligence. * * *"

The note of testimony shows that,

"This cause is submitted in behalf of Complainant, upon the original Bill of Complaint and answer to the Cross Bill and testimony of Geo. Loftin . . . and in behalf of Respondent, upon answer to Bill, the Cross Bill of Respondent, and testimony of Ben Pearlman, J. Shiers Jones."

There is no testimony of the witnesses in the record. The trial court's order held that the lessor was required to make the repairs. The trial court interpreted the proviso in the lease that, "Lessor . . . agrees . . . to make . . . all repairs . . . to the outside of the improvements on the premises . . ." included asphalt paving of the surface of the leased property upon which vehicles were driven and parked in connection with the business operated by the lessee. The court ordered the lessor to pay the lessee the sum of $3,500 which the lessee spent in making the repairs.

This court held in Modern Credit Company v. State, 265 Ala. 248, 90 So.2d 756 (1956) that where a note of testimony and trial court's decree disclosed that oral testimony was taken which the record did not contain, the decree of the trial court would be affirmed. The court said:

"Our cases are uniform to the effect that the conclusions or findings on the facts of the chancellor will not be reviewed when it affirmatively appears there was evidence before the court which is not set out in the record. Of course, we have no way of knowing what influence the omitted evidence may have had upon the trial court's conclusion, since we have nothing before us in-

dicating the character or weight of such omitted testimony. The presumption must be indulged that the omitted evidence gave support to the findings of the trial Court. Wood v. Wood, 119 Ala. 183, 24 So. 841; Compton v. Compton, 235 Ala. 174, 177 So. 900; Patton v. Endowment Department of A. F. & A. M. of Alabama, 232 Ala. 236, 167 So. 323; Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461."

We have said many times recently that this court wants to decide on the merits of the case. However, in this appeal we do not have all the evidence before us and have no way of knowing what influence the omitted testimony may have had on the trial court's conclusion.

Affirmed.

HEFLIN, C. J., and MERRILL, and HARWOOD, JJ., concur.

MADDOX, J., concurs specially.

MADDOX, Justice (concurring specially).

I concur that the judgment of the trial court should be affirmed. The lessor agreed to repair the outside of all "improvements." An "improvement is a permanent addition to or betterment of property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." Webster's Third New International Dictionary. It is common knowledge that parking facilities are an almost necessary adjunct to the proper use of improved real estate such as is involved here. A place to park an automobile is almost indispensable in this day and age. See State v. Neill, Mo., 397 S.W.2d

666 (1966); 20 Words and Phrases, "Improvement."

Consequently, I would affirm on the ground that the terms of the lease show that the lessor agreed to repair the paving.