# Wood v. Wood.

*Bill in Equity to Settle a Partnership and Foreclose a Mortgage.*

1. *Chancellor's finding on facts not reviewed if all the evidence not presented.*—The conclusion or finding of the chancellor on the facts will not be reviewed on appeal when it affirmatively appears that there was evidence before the court which is not set out in the record.

2. *When record shows a part of evidence omitted.*—On an appeal from a decree dismissing the bill, where the certificate of appeal recites that the record contains all evidence except the testimony of one of the witnesses of respondents, which the note of testimony shows was before the chancellor, but not found in the record, it will be presumed that the testimony of such witness, in connection with all the other evidence, justified the conclusion of the chancellor on various issues of fact presented.

3. *Partnership; settlement in chancery notwithstanding nothing due complainant; variance.*—While, upon a bill for an accounting between the partners and an adjustment of their respective liabilities, a decree cannot be refused simply because it is found that nothing is due the complainant, yet the complainant in such bill is not entitled to any decree ascertaining the respective liabilities of the partners when the partnership proven is different from that alleged; a variance between the allegations and the proof as to the persons composing the firm is fatal to any relief, and justifies a decree dismissing the bill in term time.

APPEAL from Pike Chancery Court.

Tried before Hon. JERE N. WILLIAMS.

The case is stated in the opinion.

M. N. CARLISLE, and JOHN GAMBLE, SR., for appellant.

HUBBARD & HUBBARD, BRANNEN & SANFORD, and SANFORD & SON, *contra.*—In support of the proposition that the court cannot review the finding and decree of the chancellor, because it is shown affirmatively that all the evidence before the chancellor is not in the record, cited, 100 Ala. 433, 434; *Thebodeaux v. Winder,* 1 So. Rep. 451; 39 La. Ann. 226; *Toon v. Finney,* 74 Ala. 343; *Winter v. City Council of Montgomery,* 79 Ala. 490; *Hale v. Vaughan,* 73 Ala. 145; *State v. Posey,* 79 Ala. 45; *Pickett v. Bryant,* 15 So. 681.

BRICKELL, C. J.—It is unnecessary, as will hereafter be seen, to consider the vast mass of evidence contained in the record in this cause, and to review the correctness of the chancellor's finding on the facts. The bill was filed by appellant, Willis C. Wood, claiming that on August 1, 1881, a copartnership was formed between himself and J. P. Wood, F. S. Wood and B. W. Wood, under the name of J. P. Wood & Co., by the terms of which complainant was to have a one-half interest therein, and the defendants the other half, which partnership was dissolved on August 1, 1884; and praying for the appointment of a receiver and an accounting between the partners, that a lien be declared in favor of complainant for his reimbursement on certain designated property into which, it was alleged, money and property of the firm, fraudulently misappropriated by defendants, had been converted, and that a mortgage which had been given to complainant by J. P. Wood, M. A. Wood and F. S. Wood in consideration of his undertaking and promising to pay all the indebtedness of the firm to the extent of $17,000, be foreclosed. The answer of the defendants denied the material allegations of the bill, and especially denied that there ever was such a partnership as that alleged in the bill, each of the defendants, except J. P. Wood, denying that he was, or ever had been, a member of said partnership, and averring that said partnership was composed of complainant and J. P. Wood only. Upon a reference to the register he found and reported that the partnership was begun on August 1, 1882, and that the members of the firm were complainant, J. P. Wood, M. A. Wood, F. S. Wood and B. W. Wood, stated an account between the partners, showing a balance due complainant, and found a

balance of $2,791.79 due on the mortgage. On August 6, 1895, the cause was submitted for decree on the exceptions of both parties to the register's report, and upon a consideration of all the evidence the chancellor decreed that M. A. Wood, F. S. Wood and B. W. Wood were not members of said firm of J. P. Wood & Co., sustained defendant's exceptions and overruled those of complainant, and overruled the report *in toto.* On the same day, February 5, 1896, and in term time, on a submission for final decree, a decree was rendered dismissing the bill.

It is a settled rule that the conclusion or finding on the facts by the chancellor, will not be reviewed when it affirmatively appears that there was evidence before the court which is not set out in the record.—*Winter v. City Council,* 79 Ala. 490; *Toon v. Finney,* 74 Ala. 343. The certificate of appeal recites that "the foregoing pages, numbered from one to eight hundred and eighty-eight, contain a full and complete transcript of the record and proceedings in said cause, except the answers of J. M. Hamil to the interrogatories filed by respondents, which have been lost from the record;" and the note of submission shows that the deposition of Hamil was before the chancellor, but it does not appear in the record. We have no means of knowing the nature of this testimony, and hence must presume, as insisted upon by counsel, that it was sufficient in character and weight, considered in connection with all the other evidence, to justify the conclusion of the chancellor that the firm of J. P. Wood & Co. was composed of complainant and J. P. Wood only, that there was nothing due on said mortgage, or that its conditions had been performed, and that there had been no misappropriation of firm assets, or conversion thereof into other property, as charged in the bill, and to justify the overruling of the register's report. And having found that the firm of J. P. Wood & Co. was composed of complainant and J. P. Wood only, the chancellor did not err in dismissing the bill. While, upon a bill for an accounting between partners and an adjustment of their respective liabilities, a decree cannot be refused simply because it is found that nothing is due the complainant, yet the complainant in such bill is not entitled to any decree ascertaining the respective liabilities of the partners

when the partnership proven is different from that alleged. The variance between the allegations and proof as to the persons composing the firm of J. P. Wood & Co. was fatal to any relief, and justified the decree dismissing the bill in term time.

Affirmed.