11 So.2d 461

## GIPSON v. HICKS et al.

### 3 Div. 372.

Supreme Court of Alabama.

Jan. 21, 1943.

Gipson & Gipson, of Prattville, for appellant.

Booth & Duncan and Guy Rice, all of Prattville, and Rushton, Weil, Stakely, Johnston & Williams and Ball & Ball, all of Montgomery, for appellees.

618

**GARDNER, Chief Justice.**

Complainant files this bill seeking foreclosure of a real estate mortgage and redemption from a prior mortgage and for an accounting. The mortgage sought to be foreclosed was executed to Mattie Alexander by Duroc Breeders Farm Corporation, and the bill avers that the mortgage, the note and debt secured thereby were assigned to him by the said Mattie Alexander.

The answer of the several defendants denied any such transfer and any such ownership and demanded proof. The cause was heard before the chancellor on oral proof, and from the decree dismissing the bill complainant appeals. But not only do the pleadings disclose the issue sharply presented as to complainant's transfer and ownership, as alleged, but the cross-examination of complainant's witness Alexander tends to support the theory that this note and mortgage was never transferred to complainant but was still a part of the estate of Mattie Alexander, the original mortgagee, now deceased.

We omit details both as to pleadings and proof as unnecessary here to relate. This for the reason it affirmatively appears in the record that the testimony of at least five witnesses noted in the note of testimony was omitted and is not before this court for consideration, though examined orally before the chancellor.

 Our cases are uniform to the effect the conclusions or findings on the facts of the chancellor will not be reviewed when it affirmatively appears there was evidence before the court which is not set out in the record. The presumption must be indulged that the omitted evidence gave support to the findings of the trial court. A citation of some few of our decisions will suffice. Wood v. Wood, 119 Ala. 183, 24 So. 841; Compton v. Compton, 235 Ala. 174, 177 So. 900; Patton v. Endowment Department of A. F. & A. M. of Alabama, 232 Ala. 236, 167 So. 323; Jones v. Spear, 204 Ala. 402, 85 So. 472; Cruise-Splawn Lumber Co. v. Sorrell, 165 Ala. 259, 51 So. 727.

Counsel for defendants rest their case upon this condition of the record and upon the well established rule above noted. Counsel for complainant in original brief on submission ignore the point, but in reply brief the response seems to be that the omitted evidence must be material to the issue.

Of course, at the very threshold of complainant's right to relief was the vital fact of ownership of the mortgage he sought to foreclose, and this court has nothing before it indicating the character of the omitted proof. But we forego further discussion. It is clear enough under the uniform holding of this Court the decree must be affirmed. It will be so ordered.

Affirmed.

All Justices concur.