21 So.2d 321

### THOMAS v. THOMAS.
6 Div. 290.

Supreme Court of Alabama.
March 1, 1945.

Arthur D. Shores and Jane Cleo Marshall, both of Birmingham, for appellee.

Hayden and Hayden, of Birmingham, for appellant.

SIMPSON, Justice.

The appeal is by the defendant from a decree of divorce.

No testimony is incorporated in the transcript, though noted as usual, the note on submission having been signed by the solicitors for the parties.

The certificate of the trial judge discloses "the testimony was ·given orally in Court and was not taken down by a Court reporter, or some other competent stenographer acting for him. Nor was the same requested or demanded. The testimony in the case cannot be transcribed in typewriting or certified to by a stenographer and filed in the cause because the testimony was not taken down as delivered. Neither Counsel employed a reporter."

The appellant, in effect, invites us to review the sufficiency of the evidence to support the decree, or, in the alternative, to declare a reversal of the cause because the evidence was not transcribed and filed pursuant to Equity Rule 56, Code 1940, Tit. 7

486

Appendix. On the state of the record as presented, however, there is nothing before us for consideration.

██ The holding has been settled, and without exception, that the absence from the record of evidence taken orally before the court, though noted, precludes a review on appeal of the propriety of the trial court's conclusions thereon. Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Allen v. Allen, 223 Ala. 223, 135 So. 169.

██ It will be presumed that the omitted evidence justified the adjudication of the court (chancellor) on the various issues of fact presented. Wood v. Wood, 119 Ala. 183, 24 So. 841; Gipson v. Hicks, supra; Ala.Digest, Appeal and Error, ☞ 907(4).

██ Equity Rule 56 does provide that when the testimony is taken orally "the court trying the case must require the court reporter, or some other competent stenographer acting for him, to take down the testimony as delivered," etc. and this proviso has been declared to be mandatory. Weatherwax v. Heflin, 244 Ala. 210, 12 So.2d 554; Campbell v. Rice, 244 Ala. 144, 12 So.2d 385.

Nevertheless, this mandate of the rule does not preclude a waiver by the parties of the taking of the testimony by the reporter.

Nor does it relieve the parties from the duty of taking appropriate action to require compliance, or of interposing due exception, in the event of the court's refusal to act pursuant to the mandate.

 There are cases where the parties might conceive it to be mutually advantageous to avoid the expense of a reporter, thereby obviating the necessity of action under the rule. From aught appearing, this may have been the case here, and under the usual presumption that the trial court acted in accordance with law, in the absence of a showing to the contrary (Cox v. Brown, 198 Ala. 638, 73 So. 964; Robertson v. State, 29 Ala.App. 399, 197 So. 73, certiorari denied 240 Ala. 51, 197 So. 75; 5 C.J.S., Appeal and Error, p. 264, § 1533), we will so assume.

██ The burden of appellant, as predicate for a revision on appeal of prejudicially erroneous action at nisi prius in such a matter, would be to seasonably invoke ap-

propriate action by the trial court. Birmingham Loan & Auction Co. v. First Nat. Bank of Anniston, 100 Ala. 249, 13 So. 945, 46 Am.St.Rep. 45; Edwards Ins. Agency v. Jones, 242 Ala. 624, 7 So.2d 567; Yarbrough v. Armour & Co., Ala.App., 15 So.2d 281.[1] Not having done so, we must regard that he waived the right. "Where a party goes to trial on the merits without objection to any supposed defect in the proceedings of the lower court he cannot raise the point on appeal." Birmingham Loan & Auction Co. v. First Nat. Bank of Anniston, supra (4).

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.