73 So.2d 547

## MESSICK v. MESSICK.

### 6 Div. 638.

Supreme Court of Alabama.

June 17, 1954.

Jas. J. Mayfield and Jas. W. Harris, Tuscaloosa, for appellant.

Henry H. Mize, Jonas Spiro, Jr., and Mize & Spiro, Tuscaloosa, for appellee.

SIMPSON, Justice.

This case involves the custody of the minor children of the appellant, father, and appellee, mother. They are two boys, aged twelve and seven, respectively.

Suit for divorce was instituted by Mrs. Erline Waldrop Messick (appellee) against her husband Jack Green Messick (appellant). She sought the custody of the children, alimony and support and maintenance of the minors. Appellant offered no substantial contest of the suit, submitting upon an answer in general denial of the allegations of the bill. No evidence was offered in his behalf. A final decree was entered granting the relief prayed for in the bill, under date of September 6, 1952. Specifically, there was an absolute divorce on ground of cruelty; award of the care, custody and control of the children to the wife, with allowance of a stated sum payable weekly by way of alimony, support and maintenance, together with requirement that appellant remove from the family home, but to pay the rental and utility charges. It granted to appellant the right of visitation to the children at reasonable times and, additionally, to have them visit him one full day in each week. There was no appeal from this decree.

Something like seven months later, April 2, 1953, appellant brought the present proceeding by a petition seeking a modification of the former decree, to the end that the custody of the children be taken from appellee and given to appellant. Appellee countered with a cross-petition, seeking retention and also an increased allowance for alimony and support. A hearing was set and the testimony given ore tenus before the trial judge. On final submission the court rendered a decree denying any modification of the former decree in behalf of either party. It is from this decree that the appeal has been taken. There are no cross-assignments of error.

Despite the efforts of the trial judge to confine the testimony offered in behalf of appellant to matters, facts and circumstances arising subsequent to rendition of the decree sought to be modified, the evidence, in the main, took a wide range and went somewhat far afield. The court, following the procedure of the recent statute, now codified as Code, Title 7, § 372 (1), Pocket Part, made no exclusions or disallowances of proffered evidence, but announced that he would consider only that which was legal and relevant to the issues. We are governed on review by the same statute.

Without stopping here to make nice discriminations between that which is strictly legal and that which is not, we may summarize as follows: Appellant has for a long time owned and operated a shoe repair shop in the business section of the town. Since the divorce he has fitted out living quarters for himself in the rear of the shop. He has complied with the terms of the decree in maintaining a place of abode and providing the means of acquiring necessities; has allowed the boys to have daily allowances for candy and confections; has interested himself in the matter of their education, attending some P.T.A. meetings; and has made efforts to see that they attended church. Many of his witnesses gave it as their opinion that he is a proper person to have the custody and care of the boys. At some time after the divorce the appellee obtained employment as a waitress. She leaves home early in the morning and returns early in the afternoon. She has rented to a couple one of the rooms in the house where she lives, and has taken in as a boarder and lodger her brother. So far as appears, the appellee has done nothing reflecting upon her fitness to fill the place of mother and guardian of the children. While her job necessarily keeps her from constant association with the children, apparently she sees to it that they have regular and wholesome meals, and is at home to watch out for them when they return from school. She makes provision for them to have breakfast before going to school, and provides them with an allowance for school lunches. She keeps

in touch with their teachers, following such recommendations as the teachers make. She takes them or sends them to her church—seemingly the churches of the couple are different. The fact that she has taken into the home the couple and her brother, and herself has taken employment is shown by the evidence to have been dictated by a desire to make better provision for the children, and there is nothing persuasive to the contrary. While appellant's testimony tended to show some undesirable characteristics of the appellee's brother, with the inference that it is not to the best interest of the children to have him in the home, there is no positive evidence that this presence has had any harmful effect. In fact, there is evidence to the contrary, and to the effect that unfavorable conduct on the part of the brother, if true, was in the past rather than at the time here involved. This brief outline shows clearly enough that the conditions, surroundings and conduct of the parties have undergone no such changes as would warrant a modification of the original decree.

Appellant relies for a reversal upon the cases of Wolfe v. Wolfe, 250 Ala. 223, 34 So.2d 8; Jackson v. Farmer, 247 Ala. 298, 24 So.2d 130; and Payne v. Payne, 218 Ala. 330, 118 So. 575. His contention may best be stated in the words of his counsel in the brief filed in his behalf, to wit: "A careful consideration of the record in the court below will show that the learned judge presiding at the trial of this cause erred in his conception of the law involved. It is apparent that he was of the opinion that, in order to change the custody, the burden was on appellant to show that the mother of the children was unfit to have the custody of the children * * *. Such is not the case, as the foregoing authorities clearly show. The only burden is to show that it would be in the best interest and welfare of the children to have their custody awarded to appellant."

■ This is not an original proceeding to fix and determine custody of minors, such as those dealt with in the cases cited, supra. True, in such a proceeding where the court is confronted with the conflicting claims of parents or others for custody of infants, the fundamental, controlling inquiry is the best interest of the child. Where as here, however, the matter of custody has already been determined by a court of competent jurisdiction, with all parties at interest before it, a change of custody may be accomplished only by a modification of the prior decree. It has been generally held, and consistently by this court, that the former decree fixing custody of a minor is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change, or unless pertinent facts existing, but not disclosed, at the time of the final decree are brought to light. Sparks v. Sparks, 249 Ala. 352, 31 So.2d 313; White v. White, 247 Ala. 405, 24 So.2d 763; 17 Am.Jur. 519, § 684.

■ A prior decree of custody is attended by all reasonable presumptions, and the burden of showing such changed conditions or other substantial reasons for its modification rests upon the party seeking a change in custody. Sparks v. Sparks, supra; Ex parte Ingalls, 256 Ala. 305, 54 So.2d 288; Hale v. Hale, 259 Ala. 666, 68 So.2d 63; 27 C.J.S. Divorce, § 317c, page 1195.

■ While it has frequently been declared that the question of rightful custody of the child is never res judicata, it has been stated that a prior decree is not subject to be challenged upon the mere desire or changed attitude of one of the contesting parents; and that "Courts disfavor oft-repeated, harassing litigation over the custody of infants." Greene v. Greene, 249 Ala. 155, 30 So.2d 444, 446; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580.

■ Our statement of the applicable principles of law shows the untenability of appellant's contention. Mindful always of the plight of children of divided homes, we have nevertheless given studious and sympathetic attention to the whole record, alert to discover any changed circumstance or condition materially affecting the interest of the children here involved. We have found none, nor any existing fact not previously disclosed. The decree denying

modification is, in our judgment, fully sustained and should be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.