114 So.2d 887

Robert M. BURLESON

v.

Anita Gilbert BURLESON.

8 Div. 978.

Supreme Court of Alabama.

Oct. 8, 1959.

Earl E. Cloud, Huntsville, for appellant.

Ford, Caldwell, Ford & Payne, Huntsville, for appellee.

STAKELY, Justice.

Robert M. Burleson (appellant) filed a petition on August 7, 1958, against Anita Gilbert Burleson (appellee), in which he sought to obtain modification of the divorce decree rendered by the Circuit Court of Madison County, in Equity, on July 5, 1957. The decree of divorce granted a divorce on the ground of cruelty to Anita Gilbert Burleson from the petitioner. In addition to the divorce, Mrs. Burleson was granted in the aforesaid decree of divorce the custody of the four and one-half year old son born of the marriage, "subject to the right of Robert M. Burleson to see, be with and have the custody of the child on Saturday of each week from two P.M. until seven P.M."

In paragraph four of the original bill of complaint filed by Mrs. Burleson seeking a divorce she alleged that she was a fit and proper person to have the custody, care, control and management of her minor child, Robert M. Burleson II. By his answer in the divorce proceedings Robert M. Burleson admitted that allegation to be true.

In the petition in the present proceeding in which the court is asked to modify the original divorce decree, Robert M. Burleson seeks to have the custody of the child taken from the mother and granted to him or "in the alternative" to reduce the amount of maintenance and support "proportionately and in accordance to the petitioner's decrease in income and additional expense."

It is alleged in the petition that prior to, during and since the date of the decree of divorce, Anita Burleson has been having an affair with a certain man named in the petition and left their home under the pretense of going to work and that on certain named dates in 1958 she and this man were seen together at her home and in various

other and sundry places in Huntsville, Alabama.

Mrs. Burleson filed answer to the petition to modify, denying the pertinent allegations in the petition and specifically denying that she at any time had had or was now having an affair with the named man and alleging that she was a fit and proper person to have the custody of the child and that the petitioner was not such a fit person.

In his petition Robert Burleson alleged that Mrs. Burleson kept the child in a Day Nursery while she worked and left the child with a woman next door to the nursery. In answer thereto Mrs. Burleson averred that the child was one who had not known how to mix with other children and it was to the best interest of the child that he be allowed to attend such Day Nursery so he could have the companionship of other children and learn to conduct himself properly in their company.

In his petition Robert Burleson further alleged that the allowance to his former wife for support and maintenance of the child should be stopped entirely and that petitioner's salary since the decree had been reduced by more than $175 per month.

After a lengthy hearing before the court in which the court heard the witnesses testify orally, the court denied the petition for change of custody of the child but granted the prayer reducing the amount to be paid to Mrs. Burleson for the support and maintenance of the child from $100 per month to $65 per month.

There is no need to set out the testimony in detail. In brief the petitioner attempted to show that he, his brother and sister-in-law at certain times and places spied on his former wife and noted meetings between her and a certain named doctor in Huntsville, Alabama. In his testimony the named doctor not only specifically denied such meetings with Mrs. Burleson but it was shown that Mrs. Burleson was his receptionist and technician and had been employed at the hospital prior thereto as a technician when he was on the staff of the hospital. On two occasions in an emergency prior to the decree she had gone to make a cardiogram and an analysis. She earned $300 per month. There was evidence by the doctor's wife and other evidence tending to show that the doctor was at home or at other places at the times when it was claimed he met Mrs. Burleson. The trial judge was asked by Mrs. Burleson to visit the home of Mrs. Burleson and to observe the points from which the petitioner, his brother and sister-in-law made their observations. The judge made the visit.

According to the testimony since the decree of divorce the petitioner had left his job at Redstone Arsenal in Huntsville, Alabama, and had become a travelling salesman for a firm in Chattanooga, Tennessee. He earned $450 per month at Redstone Arsenal. His present earnings were decreased $175 per month.

The parents of Robert Burleson live in Johnson City, Tennessee. In Chattanooga, Tennessee, he has an apartment. He indicated that he could get a job travelling out of Johnson City, Tennessee, and that when absent from Johnson City he would leave the child with his mother. Johnson City, Tennessee, is located about 335 miles from Huntsville, Alabama, the home of the mother.

There was testimony by witnesses other than Mrs. Burleson tending to show the environment of the home of Mrs. Burleson and the love and care the child got there and the adequate home facilities of Mrs. Burleson. This testimony tended to show that Mrs. Burleson was affectionate with the child and that the child had wonderful care. There was testimony tending to show that the nursery in which the child was placed while his mother, Anita Burleson, was at work was well run and was a wholesome atmosphere for a child to be placed in.

The court in its decree held that the petitioner had not met the burden of proof on him and after a consideration of the evidence, we consider that the decree of the court should be upheld.

Some principles are well understood in cases of this kind. This court has consistently held that a former decree awarding custody of a minor child is conclusive of the interest of the child and the rights of the parents so long as the status at the time of the decree remains without material change unless pertinent facts existing but not disclosed at the time of the final decree are brought to light. Messick v. Messick, 261 Ala. 142, 73 So.2d 547; Sparks v. Sparks, 249 Ala. 352, 31 So.2d 313.

Of course the welfare of the child is the paramount consideration. McBride v. McBride, 268 Ala. 619, 109 So.2d 718.

Ordinarily where a child is of such tender age as to require the care and attention that the mother is specially fitted to bestow, the mother rather than the father is the proper custodian unless for some reason she is unfit for the trust. We have furthermore said that the question of the rightful custody of the child is never res adjudicata, but in cases of this kind the court does not look with favor on repeated harassing litigation. Greene v. Greene, 249 Ala. 155, 30 So.2d 444; Messick v. Messick, supra.

The witnesses testified orally before the court and we need not comment further on this feature of the case except to say that time and again this court has held that where the witnesses so testify, this court will indulge a presumption in favor of the correctness of the findings of the lower court, unless such findings are palpably wrong.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.