117 So.2d 372

**H. G. SPARKS et ux.**

v.

**Felix J. McGRAW.**

6 Div. 391.

Supreme Court of Alabama.

Jan. 14, 1960.

R. C. Wallace, LaFayette and John W. Johnson, Jr., Lanett, for appellants.

Jones & Jones, G. Ernest Jones, Jr., Birmingham, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Jefferson County, in equity, rendered on August 29, 1958, denying appellants' petition seeking custody of their three grandchildren, two boys, age 6 and 12, and a girl, age 10. These children are in the custody of their father by virtue of a decree of the same court rendered on February 2, 1955. The decree giving him custody also gave to appellants certain visitation rights which appellee, by cross-petition in the present proceeding, sought to have changed. The decree appealed from denied the cross-petition but there is no cross-appeal with respect to that portion of the decree.

The following is a recital of the various proceedings dealing with the custody of these children, viz.:

On July 8, 1954, Louie A. McGraw, brother of appellee, Dr. Felix J. McGraw, filed a petition in the circuit court of Jefferson County, in equity, seeking custody of the two older children "until such time as it shall be made to appear that their father, Felix J. McGraw, is again able to assume their care, custody and control." Appellee agreed to the award of such custody. The mother of said children died on May 19, 1954. The youngest child was living with appellants, his maternal grandparents. A decree was rendered on July 8, 1954, awarding custody of the two older children to Louie A. McGraw in accordance with his petition and the agreement of appellee.

On August 5, 1954, appellants filed a motion to set aside the decree of July 8, 1954, and petitioned that they be awarded custody of the three children. On September 30, 1954, a decree was rendered awarding the care, custody and control of the three children to appellants. On October 5, 1954, Louie A. McGraw sought a rehearing of that decree. On October 29, 1954, appellee filed a petition to modify said decree of September 30, 1954, so as to restore custody of the two older children to Louie A. McGraw and also to give to Louie A. McGraw the custody of the youngest child. On November 17, 1954, a decree was rendered denying appellee's application for rehearing and ordering that the two oldest children be forthwith delivered to the custody of appellants, and further ordering that "the right of reasonable visitation by and with the said children is awarded to the original petitioner, Louie A. McGraw, and to their father, Dr. Felix J. McGraw."

On January 18, 1955, appellee filed a petition seeking custody of the three children. On February 2, 1955, after a hearing, a decree was rendered awarding their care, custody and control to their father, effective July 20, 1955. The decree provides that "the grandparents [appellants] shall have the right of visitation with the said children at their father's domicile; and have the right of visitation by the said children at the home of the grandparents from noon of each alternating Saturday to noon the following Sunday at their election; and have visitation by the said children for the month of July in school vacation each year."

On July 2, 1958, appellants filed the instant petition seeking custody of the children. To this petition appellee demurred and filed an answer, with the answer being made a cross-petition. The cross-petition seeks a termination of the provision in the decree of February 2, 1955, giving rights of visitation to appellants. An oral hearing on the petition and cross-petition was commenced on August 6, 1958. On August 12, 1958, the cause was submitted for final decree. On the same day a decree was rendered overruling appellee's demurrer to appellants' petition, denying and dismissing appellants' petition, and also denying and dismissing appellee's cross-pe-

tition. On August 27, 1958, appellee filed a motion to set aside the submission of August 12, 1958. This motion was granted with the cause being reset for submission on August 29, 1958. A resubmission was had and a new decree rendered on that date. The decree was the same as the decree of August 12, 1958. This appeal is from the decree of August 29. The case was argued orally and submitted here on November 24, 1959.

The evidence was heard orally by the trial court. Accordingly, that court's finding from the evidence has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous or manifestly wrong. Burleson v. Burleson, 269 Ala. 637, 114 So.2d 887; Lamar v. Lamar, 263 Ala. 391, 393, 82 So.2d 558, 560. We have said "it is not necessarily a question as to what view the reviewing court might have of the evidence, but that if, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is our duty to affirm." Lamar v. Lamar, supra. "A prior decree of custody is attended by all reasonable presumptions, and the burden of showing such changed conditions or other substantial reasons for its modification rests upon the party seeking a change in custody." Messick v. Messick, 261 Ala. 142, 144, 73 So.2d 547, 549.

The basis for a change in custody is the allegation that since the decree of February 2, 1955, awarding custody to appellee, Felix J. McGraw, the father, "there has been a material change in the circumstances relative to the surroundings, custody, and care of said children, in that the said Felix J. McGraw has become addicted to the intemperate use of alcohol, or narcotics, as a result has on several occasions been confined to certain institutions for the treatment of such; that the said Felix J. McGraw has remarried, and that his wife, namely, Hazel McGraw, is regularly employed, and is unable to remain in the home to adequately care for the above mentioned children, all to the point that the said Felix J. McGraw is no longer a fit and proper person to have the care, custody and control of said minors."

Considerable testimony was heard by the trial judge (who handled all of the custody proceedings except the initial decree rendered on July 8, 1954) on the issue of the father's alleged intemperance. While there is evidence which would support a finding of occasional intemperance on the part of the father after the award of custody to him by the decree of February 2, 1955, we are not prepared to say, upon consideration of all of the evidence and the favorable presumption attending the trial court's conclusion therefrom, that the denial of change in custody was plainly erroneous or manifestly wrong. To be sure, the question of the father's intemperance is a factor to be considered in determining whether the children's welfare and best interests would be served by continuing their custody with him; but it is not alone controlling.

When custody was awarded to the father under the February 2, 1955, decree he was a widower. On July 19, 1956, he remarried. Since then the children have been living with him and his wife, and there is evidence supportive of a finding that they can properly look after them. It seems to us the evidence shows that the father's marriage, instead of creating a change in conditions detrimental to the children's welfare, has been of benefit to them. If the father, as a widower, was entitled to custody in 1955, it is hardly logical to say that he should not now have custody because his wife is "regularly employed and is unable to remain in the home to adequately care for" the children.

In the light of the applicable rules of review, we find no basis for disturbing the action of the trial court in denying a change in custody. Accordingly, the decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.