118 So.2d 906

Erma WILKES

v.

Earline WILKES.

8 Div. 2.

Supreme Court of Alabama.

March 17, 1960.

342

■■■■■■■■■■■■

---

Kenneth R. Cain and Ira Hugh Ballard, Gadsden, for appellant.

T. J. Carnes, Albertville, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Marshall County, in equity, denying the petition of appellant (the mother) to modify a decree of said court awarding to appellee (the father) custody of the parties' two minor children.

On September 3, 1958, appellant filed a bill for divorce in said court. Attached thereto and made a part thereof was a separation agreement entered into by the parties on August 30, 1958. With respect to custody of the children this agreement provided that appellee should have "the general custody and control of the said children" subject to appellant's right "of visitation and part-time custody, it being the belief of the said parties that they can work this matter out between themselves." The agreement further provided that appellant was to receive no alimony or support. A decree granting the parties a divorce on the ground of cruelty was rendered on February 2, 1959. This decree provided that the separation agreement was "in all things ratified and confirmed" and the parties were ordered "to comply therewith until the further order of this Court." On April 20, 1959, appellant filed the instant petition seeking modification of the February 2nd decree in so far as custody of the two children is concerned.

No testimony was taken prior to the divorce decree specifically bearing on the question of custody. It is apparent that what really happened was that appellant became infatuated with the man whom she later married and wanted a divorce so that she could legally consummate the marriage; and that she was willing to forego custody of her children in favor of the father in order to get an uncontested divorce.

■■■ We have observed on several occasions that courts look with disfavor on repeated harassing litigation over the custody of children. Burleson v. Burleson, 269 Ala. 637, 114 So.2d 887; Messick v. Messick, 261 Ala. 142, 73 So.2d 547; Greene v. Greene, 249 Ala. 155, 30 So.2d 444. In this connection it is to be noted that appellant secured her divorce on February 2, 1959; and that the petition for change in custody was filed shortly after her (legal) marriage to Mr. Ragsdale following expiration of the 60-day restriction on remarrying.

We have read the evidence, which the trial court heard orally, and see no basis for disturbing the decree appealed from on the basis of a change in conditions since the decree of February 2nd.

Although the decree spells out appellant's rights of visitation, which was not done in the original decree, appellee makes no point on that score.

■■■ We see no useful purpose to be served by detailing the evidence. As already noted, it was heard orally by the trial court. Accordingly, that court's finding has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous or manifestly wrong. Burleson v. Burleson, supra; Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558, 560. We have said "it is not necessarily a question as to what view the reviewing court might have of the evidence, but that if, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is our duty to affirm." Lamar v. Lamar, supra. "A prior decree of custody is attended by all reasonable presumptions, and the burden of showing such changed conditions or other substantial reasons for its modification rests upon the party seeking a change in custody." Messick v. Messick, supra [261 Ala. 142, 73 So.2d 549]. We are not prepared to say, upon consideration of all of the evidence and the favorable presump-

tion attending the trial court's conclusion therefrom, that the denial of a change in custody was plainly erroneous or manifestly wrong.

The decree appealed from is due to be affirmed.

Affirmed.

SIMPSON, STAKELY and MERRILL, JJ., concur.