**320**

224 So.2d 672

Pattie L. McGEE

v.

Benny Lee McGEE.

8 Div. 328.

Supreme Court of Alabama.

June 26, 1969.

Keller & Hill, Florence, for appellant.

John D. Clement, Jr., Tuscumbia, for appellee.

MERRILL, Justice.

Appellant, the ex-wife of appellee and mother of their two children, petitioned the trial court for a modification of a prior custody agreement which gave the custody of the children to the father, appellee, and had been ratified by the trial court. The court denied and dismissed the petition and this appeal followed.

The parties were married in 1959, and they had a daughter, age 8, and a son, age 7, at the time of the hearing. In 1966, appellant was granted a divorce from appellee and the parties agreed that the father, appellee, would have the custody of the children, subject to the right of appellant to have them three week ends of each month, the months of June, July and August, and rights of reasonable visitation. It was alleged and proved that appellant consented to the custody agreement contrary to the advice of her counsel in the divorce proceedings. He testified that she told him she was going to do it to "get out of it," and she said, "That's all right. I'll file a petition in about a month and get them back."

Appellant alleged and attempted to prove four different changes of circumstances to justify a modification of the original agreement and decree. We see no reason to set them out because it is obvious that the evidence did not convince the trial court because the petition was dismissed after a hearing at which some nineteen witnesses testified.

■ Where evidence in a child custody case was heard orally before the trial court, as it was in this case, the trial court's findings as to the facts will not be disturbed on appeal unless plainly erroneous or palpably and manifestly wrong. Wilkes v. Wilkes, 270 Ala. 341, 118 So.2d 906; Long v. O'Mary, 270 Ala. 99, 116 So.2d 563.

■ A prior decree of custody is attended by all reasonable presumptions, and the burden of showing such changed con-

ditions or other substantial reasons for its modification rests upon the party seeking a change in custody. Sparks v. McGraw, 270 Ala. 159, 117 So.2d 372; Messick v. Messick, 261 Ala. 142, 73 So.2d 547. Apparently, after hearing the evidence, the trial judge felt that these circumstances were not changed to such a decree that a modification was necessary.

It is not necessarily a question as to what view this court might have of the evidence; but if, under any reasonable aspect, the decree below is fairly supported by credible evidence, then it is our duty to affirm it. Wilkes v. Wilkes, 270 Ala. 341, 118 So.2d 906.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.