269 So.2d 883

**Ex parte Georgia-Pacific Corporation,
a Corporation.**

**In re GEORGIA–PACIFIC CORPORATION**

**v.**

**Vance C. DYAR and John W. Pemberton.**

**Civ. 97.**

Court of Civil Appeals of Alabama.

Nov. 29, 1972.

Feibelman & Silver, Mobile, for petitioner.

Moore, Moore, Downing & Layden, Mobile, for respondents.

HOLMES, Judge.

This is an original petition for writ of mandamus for an order directing the Judge of the Circuit Court of Mobile County to deny a motion to set aside a default judgment, etc.

A detailed recitation of the facts as revealed by the pleadings and briefs are not necessary to this opinion.

The pertinent facts are that a default judgment was taken against one John W. Pemberton. Thereafter, a motion to set aside the default judgment under Tit. 7, § 279, Code of Alabama 1940, as amended, (commonly referred to as the Four Month Statute) was filed and granted.

From the relief granted under Tit. 7, § 279, petitioner filed the writ now before this court.

It is clear from the record that oral testimony from two witnesses was taken before the trial court. It is equally clear that this testimony was not transcribed and is not before us as part of the record. It is further readily apparent that the trial court's conclusions were based in part from the aforementioned oral testimony.

The answer of the trial court in this proceeding in pertinent part is as follows:

> "*From all the evidence, both oral and written,* including the Record as appears in this case, it was my opinion that the Defendant, John W. Pemberton, had been prevented from making his defense by surprise, accident, or fraud without fault on his part; that he had a valid defense to the action, and in accordance therewith, I set aside the default judgment, and reinstated the cause on the trial docket." (Emphasis added.)

■ The decisions of the Supreme Court of Alabama are uniform to the effect that conclusions or findings on the facts of the chancellor or trial judge will not be reviewed when it affirmatively appears there was evidence before the court which is not set out in the record. Modern Credit Co. v. State, 265 Ala. 248, 90 So.2d 756; Wood v. Wood, 119 Ala. 183, 24 So. 841; Compton v. Compton, 235 Ala. 174, 177 So. 900; Patton v. Endowment Dept. of A. F. & A. M. of Ala., 232 Ala. 236, 167 So. 323; Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461. See also Ala.Dig., Appeal and Error, ⌐695.

■ In a mandamus proceeding, the appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment appealed from, and the appellant (petitioner) must overcome this presumption by satisfactorily countervailing evidence. Chestang v. Burns, 258 Ala. 587, 64 So.2d 65; Ex parte State ex rel. Denson, 248 Ala. 161, 26 So.2d 563; Ex parte Waldrop, 228 Ala. 38, 152 So. 44; Anderson v. Mullins, 281 Ala. 609, 206 So. 2d 856.

■ Here, in this instance, certain evidence is omitted from the record which the trial court considered in reaching its conclusion. The law in Alabama is that it is presumed that the omitted evidence justified the adjudication of the court on the various issues of fact presented. Gipson v. Hicks, *supra*; Wood v. Wood, *supra*; Ala.Dig., Appeal and Error, ⌐907(4).

■ This court is mindful that the above rules of law may work a hardship in some instances, but it cannot be otherwise. For this court to issue mandamus there must be credible allegation, *ironclad in nature,* showing that the respondent (trial judge) is by law bound to do no other than that which is sought to be commanded. Ex parte Argo, 42 Ala.App. 546, 171 So.2d 259.

In view of the above we have no alternative other than to deny the writ.

Petition for writ denied.

WRIGHT, P. J., and BRADLEY, J., concur.