290 So.2d 178

**Raymond BERGGREN**

v.

**Mildred BERGGREN.**

**Civ. 215.**

Court of Civil Appeals of Alabama.

Nov. 28, 1973.

Rehearing Denied Dec. 19, 1973.

Smith & Smith, Dothan, for appellant.

Farmer & Herring, Dothan, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a decree of divorce rendered in the Houston County Court, In Equity, on November 9, 1972. The appellant was defendant in the court below.

Assignment of Error No. 1 is that the trial court erred in failing to grant defendant's motion for rehearing. Such assignment is not well taken. Equity Rule 62 provides that no appeal will lie from an order on a motion for rehearing unless it modifies the decree.

The remaining assignments of error charge error in the rendering of certain

aspects of the decree. The basis for these assignments of error is that the decree in its various aspects relating to award of alimony in gross is not supported by or is contrary to the evidence.

■ The transcript of the record indicates that the evidence was taken orally before the court. We find no transcript of the evidence filed in the record as provided by Equity Rule 56. There is filed in the cause an instrument entitled a "Bill of Exception." The contents of such instrument is purported to be "a succinct statement of the evidence taken in behalf of the defendant." Such instrument is signed by the judge and is certified as being correct. We do not understand the purpose of such instrument and are not informed as to its claimed legal status. So far as we are informed there has never been a bill of exception authorized in courts of equity. Even in courts of law, bills of exception have been abolished except in certain jurisdictions. Title 7, § 827 (1), Code of 1940, Recompiled 1958.

■ Though the absence of a record of the evidence taken orally before the court, as required by Equity Rule 56, is not complained of by the appellee, we cannot consider the assignments of error under the state of the record.

■ It has always been the rule that evidence heard orally by the court, but not appearing of record on appeal, is presumed to justify the decision of the court on the issues of fact presented. Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461; Wood v. Wood, 119 Ala. 183, 24 So. 841; Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321.

It was stated in Thomas v. Thomas, supra, as follows: "The holding has been settled, and without exception, that the absence from the record of evidence taken orally before the court, though noted, precludes a review on appeal of the propriety of the trial court's conclusions thereon." [citations omitted.] A "succinct statement of the evidence" is not a transcript of the evidence. We cannot review on appeal the

conclusions of the trier of the facts unless such facts as heard by the court below are before us. As there is nothing before us for consideration, the decree below must be affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.

### ON REHEARING

WRIGHT, Presiding Judge.

Appellant states on application for rehearing that the instrument referred to in the record as a Bill of Exceptions is not in fact intended to be a Bill of Exceptions but rather an abstract of the evidence as provided for in Title 7, Section 773, Alabama Code. He further states that since there is no official court reporter for the Houston County Court, it has been common practice for counsel to agree as to the abstract of the evidence.

We have no knowledge of such procedure on appeal from the Houston County Court. Perhaps such has occurred. It has not occurred in the experience of this Court in divorce cases. Appellant has misconstrued the effect of Section 773. The case of Williams v. State, 215 Ala. 586, 112 So. 193, cited by appellant and appearing in the annotation following the statute clearly states that the abstract of the record referred to in the statute has nothing to do with the evidence in the case. The transcript of the record referred to in Section 773 and the preceding Sections of Article 3 of Chapter 16, is that existing prior to the abolishment of the Bills of Exceptions. Such transcript of the record did not include a transcript of the evidence. The purpose of Section 773 was to allow parties by agreement, and for the purpose of saving costs, to present an abstract of the instruments and pleadings filed in the case. Such an abstract included only things pertinent to the issues of law presented by the appeal. If questions of fact were presented by the appeal, the evidence was presented by the Bill of Exceptions.

■■ In the instant case appellant has challenged the decree of the trial court, charging error therein because of the court's conclusion from the evidence. This Court is unable to review the trial court's findings made after hearing and observing the witnesses without a transcript of the questions and answers heard by the trial court. A so-called abstract of the evidence, which in this case is nothing more than a condensed statement of the substance of testimony of each witness, is insufficient. In divorce cases where the witnesses are heard orally by the trial court, the finding and conclusions of fact embodied in the decree have the standing of a jury verdict and are presumed correct on appeal. Such findings will only be reversed on appeal, if unsupported by the evidence, amount to an abuse of discretion, or are plainly wrong and unjust. Wilkes v. Wilkes, 270 Ala. 341, 118 So.2d 906. This Court cannot make such determination except upon examination of a full and complete transcript of the evidence as required by Equity Rule 56.

Rehearing denied.

BRADLEY and HOLMES, JJ., concur.