292 So.2d 457

**Dorothy G. PUGH (Formerly Dorothy G. Ford)**

**v.**

**Kenneth B. FORD.**

**Civ. 295.**

Court of Civil Appeals of Alabama.

March 27, 1974.

Collins, Galloway & Murphy, Mobile, for appellant.

McDermott, Deas & Coleman, Mobile, for appellee.

HOLMES, Judge.

This is an appeal from a decree granting appellee-husband's petition to modify a prior decree of divorce.

The original decree of divorce, in pertinent part, provided as follows:

> "2. The Respondent shall pay to the Complainant as alimony and child support the sum of $200.00 per week, payable until December 31st, 1973, and further agrees to pay all income taxes incurred by Complainant as a result of any payments made to her or on her behalf under this Agreement or any Decree based thereon. Beginning January 1, 1974, Respondent shall pay to the Complainant as child support the sum of $100.00 per week. At such times as any of said children reach majority and receive less than fifty per cent (50%) of their support from Complainant, said payments shall be reduced by the sum of $25.00 a week."

The above language was initially contained in an agreement executed by the parties herein and this agreement was "ratified and affirmed" by the trial court and expressly incorporated in the original decree of divorce.

The appellee-husband thereafter filed a petition to modify the divorce decree and reduce the support payments. He alleged in his petition that changed circumstances had occurred in that the financial status of the appellant-wife had changed and that

appellant-wife had remarried. This petition was filed in June of 1972.

Thereafter, apparently, as indicated by the trial court's decree, a hearing of testimony *ore tenus* was had and a decree entered granting certain relief to the appellee. The entire decree of modification is as follows:

"This cause having been submitted for decree on the motion to modify filed by the Defendant, and from the sworn testimony and demeanor of the parties, it appears to the Court that the Defendant's motion alleges, amongst other things, that the Plaintiff has now remarried and that the alimony payments as previously ordered by the Court in the decree of June 1st, 1971, should cease and further that the Plaintiff, through her attorney, alleges that the award of alimony was an award of alimony in gross and is not subject to modification, and it further appearing to the Court that a decree of separate maintenance was issued by this Court on June 6th, 1970, and that in the said decree of separate maintenance, an award of alimony and child support in the amount of $200.00 per week was awarded to the Plaintiff 'payable until April 1st, 1973, or at such time as Plaintiff is able to graduate from college and thereafter obtain gainful employment, such time, however, not to exceed December 31, 1973, . . .', and it further appearing to the Court that the Defendant alleges that the Plaintiff is gainfully employed; and, upon consideration by the Court, it is ORDERED, ADJUDGED and DECREED by the Court that the motion to modify as filed by the Defendant be, and hereby is, granted, and that the Plaintiff is entitled to no further alimony payment, said alimony payment ceasing as of the date of the marriage of the Plaintiff.

"It is further ORDERED, ADJUDGED and DECREED by the Court that the original decree herein be, and hereby is, further modified, and the Defendant shall pay to the Plaintiff as child support the sum of $100.00 per week, said payments to be made directly to the Plaintiff, and said payments of child support to be due and payable as of the week following the termination of the alimony payments.

"It is also further ORDERED, ADJUDGED and DECREED by the Court that that portion of the motion to modify as filed by the Defendant as to the insurance policies as stated in Paragraph 5 of the agreement of the parties, which said agreement is on file and incorporated into the decree of divorce, be, and hereby is, denied, but the Court does hereby order that the Defendant shall designate either the Plaintiff or one or more of their children as beneficiaries, at the direction of the Plaintiff under the terms of the agreement of the parties as previously referred to.

"It is also further ORDERED, ADJUDGED and DECREED by the Court that the costs incurred herein be, and hereby are, taxed against the Defendant, for which let execution issue.

"Dated, September 7th, 1973.

"S/ Michael E. Zoghby
Judge"

It is the contention of able counsel for the appellant that the trial court erred in eliminating the wife's award of alimony in that the original decree of divorce incorporating the parties' agreement providing for support was a "property settlement" and was not subject to modification, or was alimony in gross and not subject to modification. Specifically, appellant's assignment of error is as follows.

"The trial court erred in its order granting motion to modify and taxing costs, said order dated September 7, 1973 (Tr. pp 17–18) wherein the trial court held

" '. . . . it is ORDERED, ADJUDGED and DECREED by the Court that the motion to modify as

filed by the Defendant be, and hereby is, granted, and that the Plaintiff is entitled to no further alimony payment, said alimony payment ceasing as of the date of the marriage of the plaintiff.' (Tr. 17)"

At the outset, it is necessary to note that there is no transcript of the evidence in this case. Furthermore, as seen from the trial court's order set out hereinabove, there was apparently evidence heard orally by the court. Additionally, we note that the same trial judge presided over all the proceeding herein referred to.

As Presiding Judge Wright observed in Berggren v. Berggren, 52 Ala.App. 118, 290 So.2d 178, it has always been the rule that when evidence is heard orally by the court, but does not appear of record on appeal, such evidence is presumed to justify the decision of the court on the issues of fact presented. Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461; Wood v. Wood, 119 Ala. 183, 24 So. 841; Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321.

The following is found in Thomas v. Thomas, *supra*:

"The holding has been settled, and without exception, that the absence from the record of evidence taken orally before the court, though noted, precludes a review on appeal of the propriety of the trial court's conclusions thereon. (citations ommitted)" (246 Ala. at 486, 21 So.2d at 322)

See also West v. West, 283 Ala. 211, 215 So.2d 287; Melton v. Melton, 288 Ala. 452, 261 So.2d 887. This principle of law was reaffirmed as recently as February 14, 1974, by the Alabama Supreme Court in Jones v. Loftin Tire Co., Inc., 292 Ala. 132, 290 So.2d 170.

As a matter of perhaps interest to counsel for appellant and others, we would point out that under the proposed new rules of appellate practice, Rule 10, since each party would have the option to include such matters as he deems relevant and pertinent, the existing presumption that if there is an omission from the record of any matter essential to a decision of any question presented on appeal the ruling of the trial court will be deemed correct, would appear to be abolished.

■ In this instance, the testimony presented may well have shed light on the meaning or intent of the court's original decree of divorce as it related to alimony if such intent was communicated. Therefore, the lack of a transcript of the evidence requires an affirmance of the case.

We do, however, make the following observation as to counsel's contentions on the merits.

■ The language contained in the decree when taken as a whole and specifically those portions pertaining to alimony do not to this court, in this instance, appear to be a property settlement or division of property as other paragraphs in the decree relate more to specific items of real and personal property and their disposition. Furthermore, it appears that the award of money contained in the decree as set out hereinabove is an award to be paid from future earnings of the appellee-husband and not a property division. Additionally, the alimony provision does not, to this court, provide for an award of alimony in gross.

This court, in Welch v. Welch, 49 Ala. App. 647, 275 So.2d 162, an opinion authored by Judge Bradley, deals with the requirements which must be met in order for an award to be considered alimony in gross, which are as follows:

1. Both the amount and time of payment must be certain; and

2. The right to it must be vested and not subject to modification.

■ Additionally, for alimony to be in gross, it should be unequivocally expressed *or* necessarily inferred from the language used, rather than extracted from phrases

suggesting dubiety. Le Maistre v. Baker, 268 Ala. 295, 105 So.2d 867.

 Here, from the language of the decree itself, the amount of alimony cannot be said to be certain. While this court does not recommend the language as used in the decree via the agreement, it is certainly not error for the trial court to fail to specify what part is alimony to the wife and what is support money for the children. Boyd v. Boyd, 268 Ala. 409, 108 So. 2d 176.

For the above reason, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.