This is a divorce case. The Circuit Court of Jefferson County, on petition of appellee-wife, divorced the parties on the ground of incompatibility of temperament. The trial court also effected a property settlement and awarded alimony in gross. Appellant-husband appeals from that decree of the trial court.
The husband assigns as error the property settlement and award of alimony in gross made by the trial court. The issue for our determination is thus whether the learned trial judge erred to reversal in this regard. We find no error to reversal, and affirm.
The following pertinent facts are revealed by the record:
The parties, D.W. Segars and LeNeta W. Segars, were married in 1947 and divorced in 1975. Three children were born of the marriage, all of whom were over the age of 21 years at the time of the divorce proceedings.
The husband is 51 years of age and owns and operates a hardware store and a building and supply company. He also owns a realty company and owns a considerable amount of real property. The wife is 46 years old with a high school education, has only worked in the family business, has no separate estate, and apparently has but limited marketable employment skills.
As noted earlier, the wife initiated the divorce action, and the trial court granted the divorce on the ground of incompatibility. While the granting of the divorce is not an issue on this appeal, we have noted certain facts concerning the parties' conduct during the marriage which are pertinent to the property settlement and award of alimony. It would serve no useful purpose to detail these facts, and it suffices to note simply that the trial judge could reasonably have concluded that the husband was at "fault" to some extent in the breakdown of the parties' marriage.
The learned trial judge made no grant of periodic alimony in his decree, but as property settlement and alimony in gross awarded certain real property owned by the husband to the wife. The order required the wife to satisfy mortgage indebtedness existing on the property. An allowance of attorney's fee to the wife was included in this award of real property. The wife also received an automobile subject to certain indebtedness which she was ordered to pay. The husband was awarded the parties' homeplace and all the household goods contained therein. *Page 686 
The real property awarded to the wife consists of six parcels of land out of sixteen owned by the husband. Fifteen of these parcels are heavily mortgaged. A considerable amount of other realty is owned by the husband jointly with other individuals.
Widely disparate valuations were given for the realty in question. The valuation of the six parcels awarded to the wife was from $139,500 to approximately $264,000. The land remaining with the husband, which includes his places of business, was valued from $342,300 to over $600,000.
It is noted that virtually all of the property remaining with the husband is mortgaged. Additionally, this property produces little income, with the exception of the business properties. The amount of income generated by these businesses is unclear, but the building and supply company apparently showed a net profit of approximately $13,000 for 1974. The husband's income for the years 1971-74 as shown on his federal income tax returns ranged from approximately $3,000 to $8,000. Financial statements executed by the husband showed his salary for those years to be approximately $18,000.
It is well-established that where the trial judge in a divorce case hears evidence ore tenus, his findings are presumed correct and will not be disturbed on appeal save for plainly apparent and egregious error. As this court stated through our Presiding Judge Wright in Berggren v. Berggren,52 Ala. App. 118, 120, 290 So.2d 178, 190:
 "In divorce cases where the witnesses are heard orally by the trial court, the finding and conclusions of fact embodied in the decree have the standing of a jury verdict and are presumed correct on appeal. Such findings will only be reversed on appeal, if unsupported by the evidence, amount to an abuse of discretion, or are plainly wrong and unjust. Wilkes v. Wilkes, 270 Ala. 341, 118 So.2d 906. . . ."
Property division and alimony awards are within the sound discretion of the trial court, and each case must stand on its own facts. Colombaro v. Colombaro, 54 Ala. App. 157,306 So.2d 23; Hicks v. Hicks, 52 Ala. App. 586, 296 So.2d 180; Hallman v.Hallman, 51 Ala. App. 460, 286 So.2d 863. In alimony cases, the court may properly consider the earning ability of the parties; their future prospects; their age, sex and station in life; the duration of the marriage; and the conduct of the parties relative to the causes of the divorce. Chancellor v.Chancellor, 52 Ala. App. 10, 288 So.2d 794.
Bearing in mind the above principles, we can discern no error to reversal in the property settlement and alimony award made by the learned trial judge. The relative positions of the parties as a result of the trial court's decree have previously been described. The husband is a man of some means, the owner of several businesses and, even after the decree of divorce, of considerable property. However, the wife has for her maintenance only the property given to her, inasmuch as no periodic alimony was awarded. The rents from the property exceed mortgage payments thereon, which the wife is required to make, only to the extent of approximately $375 per month, the rents being roughly $1,160 monthly and mortgage payments $790. This is apparently the wife's sole source of income, and does not take into consideration the sums which she will have to expend for maintenance and upkeep on the rental properties.
These and other previously noted facts being considered, we find no abuse of discretion or other reversible error.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 848