HOLMES, Judge.
This is a divorce case.
The wife appeals contending the trial court erred to reversal in refusing to grant her motion for a new trial. We find no merit in this contention and affirm.
As we view the wife’s motion for a new trial, it is bottomed on the premise that since there was no court reporter present at the trial of the divorce, she cannot obtain effective appellate review unless a new trial, where a court reporter would be present, is granted. Hence, the trial court erred in refusing to grant the motion.
As seen from the above, the trial court denied the wife’s motion.
The wife in essence, as indicated above, argues in brief that since no court reporter was present, “due process of law” requires that the trial court grant a new trial. However, we find nothing in the record, particularly in the wife’s motion for a new trial, that reveals any request for a court reporter was ever made. In fact, there is nothing in the record before this court that any party to the original divorce proceeding desired a court reporter. Put another way, for ought that appears, the parties did not desire the service of a court reporter.
Under these circumstances, this court can hardly say that the trial court erred to reversal in refusing to grant the wife’s motion.
The granting or refusing of a motion for new trial rests largely in the discretion of the trial court; exercise of that discretion carries with it a presumption of correctness and should not be disturbed at the appellate level unless some legal right was abused and the record plainly and palpably shows that the trial court was in error. Clearly, in this instance, as seen from the above, we cannot say a legal right was abused nor does the record reveal that *1216 the trial court was plainly and palpably in error. See 2A Ala. Digest Appeal & Error <§=>933(1).
The above principle of law is equally applicable, in this instance, to any contention regarding additional evidence that could be presented at a new trial.
Any argument as to the merits of the appeal is answered by the following quote found in Berggren v. Berggren, 52 Ala.App. 118, 290 So.2d 178 (1973):
“It has always been the rule that evidence heard orally by the court, but not appearing of record on appeal, is presumed to justify the decision of the court on the issues of fact presented. (Citations omitted.)” 52 Ala. at 119, 290 So.2d at 179.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.