WRIGHT, Presiding Judge.
This is a divorce case. Husband brought suit for divorce in October 1979, charging incompatibility and irretrievable breakdown of the marriage. His complaint alleged one child born of the marriage and offered custody of the child to the mother. The wife, represented by Calhoun Legal Services, answered and counterclaimed.
The case was presented orally to the court on March 19, 1980. The husband appeared pro se. The husband was informed by the court that counsel for the wife would pose the questions to him necessary to support his complaint to the court. The court also interrogated the husband. During that questioning the husband stated he did not want visitation privileges with the child because he did not feel it was his child.
The wife testified that the child was conceived while the parties were married and living as husband and wife and that the husband was the father. The court recalled the husband and examined him again. The husband said he separated from the wife because she admitted she was “going out on me.” He said she told him the names of men she had been out with, but he could not remember but one. He could not remember the dates, but it began during a previous separation and continued until after she became pregnant. The wife denied telling the husband she had been out with other men.
Judgment of divorce was entered on March 21, 1980. The wife was given custody of the child with the husband ordered to pay child support. There was division of personal property which is not material to this appeal.
Motion for rehearing was promptly filed on behalf of the husband by counsel alleged to be retained by the parents of the husband. After oral hearing of arguments of counsel, the court denied rehearing. The husband appealed.
The issue is whether the trial court erred in denying rehearing so that the husband could secure evidence to refute his paternity of the child.
It is the rule that the granting or denial of a new trial is a matter resting primarily in the discretion of the trial judge, and his exercise of that discretion carries with it a strong presumption of correctness. That presumption is not overcome upon review unless some legal right was abused and the record clearly shows that the trial court abused its discretion. Robertson Banking Co. v. Ebersole, 331 So.2d 278 (Ala.1976); Bayliss v. Bayliss, 364 So.2d 1215 (Ala.Civ.App.1979). We find no violation of the rule in this case.
The judgment denying rehearing is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.