BRADLEY, Judge.
This is a child custody case.
On October 20, 1983 the Department of Pensions and Security filed a petition in the Jefferson County Family Court seeking to have Misty A. Patton declared a dependent child because the mother was allowing the child to be abused by the mother’s boyfriend. (The mother and father were married but separated.) The matter was set for hearing.
The father, appellant, was notified of the hearing on the dependency petition before the referee and was present and also represented at that hearing by an attorney. The referee recommended temporary custody be awarded to DPS. At the hearing before the court on the review of the referee’s recommendation, the father was represented by counsel and was present in court. After the hearing the court ratified the referee’s findings and recommendations.
On November 11, 1983 a hearing was held before the family court, at which the father was present and represented by counsel, to decide who should be the child’s custodian. Her custody was awarded to the paternal grandparents, Mr. and Mrs. James R. Mitchell. The court authorized the mother to visit the child at certain times and under prescribed conditions. A review hearing was set for February 1, 1984.
The matter was continued several times, and a hearing was ultimately had on March 29, 1984.
At the review hearing the father and his attorney appeared. The court ordered that custody of the child remain with the paternal grandparents and also directed that the mother and her boyfriend receive counseling. A review hearing was set for September 30, 1984.
A review hearing was held on October 4, 1984, at which the father and his attorney appeared. The court ordered that custody of the child remain with the paternal grandparents and that the child have a psychological examination. The mother was accorded reasonable visitation. A review of the matter was scheduled for March 28, 1985.
On March 28, 1985 a hearing was held before the court, with the father and his *948 attorney being present. The court placed custody of the child with the mother but required DPS to supervise the custodial arrangement. The father was awarded visitation rights. The mother and stepfather were required to continue counseling. (The mother and father had obtained a divorce, and the mother had remarried.) A review hearing was scheduled in four months.
The father appeals from the judgment awarding the mother custody. He contends here that the trial court erred by taking the custody of the child from the paternal grandparents and giving it to the mother without making him a party to the proceedings.
He says that he was denied due process of law because custody of his child was taken from him without an allegation that he was unfit to be her custodian.
Section 12-15-50, Code 1975, permits intake officers to receive complaints and file petitions in the juvenile court to have a child declared dependent.
Section 12-15-53, Code 1975, provides for the manner of notifying parents, guardians, or custodians of the pendency of a dependency matter.
Section 12-15-56(4), Code 1975, also permits a child to be taken into custody by a law enforcement officer if it appears that the child is suffering from an injury or is in immediate danger.
In the case at bar a complaint was made to the intake officer of the Family Court of Jefferson County that Misty Patton had been abused by the mother’s boyfriend and needed the supervision of the court. The intake officer filed a petition in the court on October 20, 1983 suggesting that the child be declared dependent and given the protection of the court. The child was taken into custody by a Birmingham police officer and placed in shelter care. The record reflects that at the time of the filing of the petition the address of the father was unknown. The father and mother were married but separated at this time.
On October 20, 1983 the matter was referred to a referee by the family court judge and a hearing was conducted on that same day. The record reflects that the father appeared at this hearing in person and by attorney.
The record reflects that he appeared at every subsequent hearing held by the court relative to the custody of his daughter and that he was represented by counsel at each of these hearings.
The record does not reflect that the father was served with a summons and copy of petition at the beginning of these proceedings; neither does it show that he questioned this omission at the first hearing, but it does show that the father appeared at the first hearing and every hearing thereafter in person and by attorney.
In Worley v. Jinks, 361 So.2d 1082 (Ala.Civ.App.1978), we held that the failure to issue a summons to the parents in a custody proceeding before the juvenile court did not require the orders of the court to be declared invalid, because the parents appeared in person and by attorney at the hearing and, thus, waived the service of the summons. Moreover, they failed at the hearing to question the fact that they were not served with a summons.
In the case at bar the father appeared at the first hearing and all other hearings relative to the custody of his daughter. Since there is no transcript of testimony in the record resulting from the hearings, we must assume that the court properly apprised the parties of the complaint of DPS concerning the child. See, Brindley Construction Co. v. Flanagan Lumber Co., 441 So.2d 907 (Ala.Civ.App.1983).
Based on the above, we do not find that the failure to serve the father with a summons and a copy of the petition denied him due process of law.
The father’s other contention is that there is no showing in the record that he is unfit for the custody of his child. Therefore, he says, he should have been considered as a possible custodian.
As noted above, there is no testimony in the record resulting from the many hearings held by the court to assist it in making *949 proper disposition of the child’s custody. There are, however, some reports in the record prepared by agents of DPS relating to the parents of the child and to the paternal grandparents.
These reports and the various orders of the court reflect that the court maintained continuous jurisdiction over this matter in an effort to find the proper custodian for the child. There is nothing in the record to indicate that the father sought custody of the child or objected to the disposition of the child’s custody until it was placed back with the mother.
Again, we cannot find any evidence in the record before us that would support the father’s contention that he sought the custody of his daughter or that he is a fit person to have her custody.
Custody of a minor is never res judicata. Messick v. Messick, 261 Ala. 142, 73 So.2d 547 (1954). Hence, the father can petition the court at anytime to award him custody of his daughter.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.