20 So.2d 869

### EDWARDS v. STATE ex rel. EMBRY, Solicitor

7 Div. 804.

Supreme Court of Alabama.

Feb. 1, 1945.

Rehearing Denied March 1, 1945.

Motley & Motley, of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for appellee.

THOMAS, Justice.

The prayer of the bill was that "this Court take jurisdiction of this cause and summons issue to the Respondent, Earl Gazzaway, hereinabove named, making him a party Respondent to this bill and requiring him to answer said bill; that such orders for the publication of notice to all persons to come into this Court and assert their rights to said property; that upon a final hearing this Court will make an order decreeing that said property is contraband and condemning and forfeiting the same and make such orders and decrees as are necessary for said condemnation, sale, and confiscation of said property and for the distribution of proceeds derived therefrom.

"Complainant prays for such other, general, and special relief to which is [he] may be entitled in law and equity." [Italics and brackets supplied.]

The recent case of Parker v. State ex rel. Embry, ante, p. 372, 20 So.2d 719, is applicable to this case and the pertinent decisions are there collected.

The decree of the circuit court is, in part, as follows:

"That at said time of such seizure said motor vehicle was in the possession and under the control of Mrs. W. T. Edwards, the wife of the claimant of the automobile in this cause, and that at said time of seizure whiskey was being illegally transported from one point in the State of Alabama to another point in the State of Alabama, in said City of Gadsden and County of Etowah in violation of law as averred in the bill of complaint.

"The Court further finds from the evidence that the said claimant Bill Edwards, otherwise known as W. T. Edwards, was the owner of said automobile but that the said Bill Edwards or W. T. Edwards either had actual knowledge of said automobile being so used to illegally convey said whiskey, or by the exercise of reasonable diligence he could have obtained knowledge or notice thereof and that therefore his claim to said automobile should be denied.

"The Court further finds that all claims to said automobile, including that of the said Bill Edwards, or W. T. Edwards, should be forever barred."

The decree of the circuit court is free from error and is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.