66 So.2d 881

**LEE et al. v. STATE ex rel. HARE.**

2 Div. 316.

Supreme Court of Alabama.

Aug. 11, 1953.

456

LeMaistre, Clement & Gewin, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a final decree in and by which an automobile was condemned and ordered sold under Title 29, § 247 et seq. of the Code of 1940.

The State of Alabama, on relation of James A. Hare, as Solicitor of the Fourth Judicial Circuit of Alabama, filed a petition in the Circuit Court of Hale County, Alabama, in Equity, alleging that one 1952 Mercury Automobile, Motor No. 52 SL 16965 M, was seized by the Sheriff of Hale County, Alabama, while being used by Charles Lee, Jr., for the illegal conveying and transportation of prohibited liquor or beverages from one point in this state to another point in this state, and into Hale County, Alabama. Charles Lee, Jr., was made a party respondent to the bill of complaint. Notice was given by the register of said court in pursuance of an order of said court setting said cause for hearing on September 16, 1952, and requiring any and all persons having any claim to said automobile to come into court on or before said date and propound his or their claim thereto.

Mrs. Earnestine Lee duly filed her claim to said automobile. She alleged that she was the sole owner of said automobile; that Charles Lee, Jr., did not have any right, title or interest in said automobile at the time it was seized; and that she had no knowledge that Charles Lee, Jr., was using and did use said automobile for illegal transportation of prohibited liquors. She further alleged that she did not aid in the illegal transportation of such prohibited liquors and did not have any knowledge or notice that her said automobile was being so used, nor could she by reasonable diligence have obtained knowledge or notice thereof.

The testimony shows that at the time the automobile was seized by the Sheriff of Hale County, Alabama, Charles Lee, Jr., and John Hodges were in the automobile and Mr. Lee was under the steering wheel. There were 15 gallons of moonshine whiskey in the automobile in gallon jugs. The whiskey was being transported in said automobile in Hale County, Alabama. The state proved by four members of the police force of the City of Tuscaloosa that Charles Lee, Jr., resided within the police jurisdiction of the City of Tuscaloosa, Alabama; that they had known him for sometime; that they knew his general reputation in the community in which he lived for selling and dealing in illegal whiskey, and that it was bad.

The state introduced in evidence a certified copy of an indictment and judgment of conviction of Charles Daniel Lee, Jr.,

which judgment was entered on April 10, 1951, upon his plea of guilty in the United States District Court for the Northern District of Alabama, Western Division. The judgment of conviction reads in words and figures as follows:

"United States of America v. Charles Daniel Lee, Jr. } No. 1274

"On this 10th day of April, 1951 came the attorney for the government and the defendant appeared in person and by counsel.

"It is adjudged that the defendant has been convicted upon his plea of guilty of the offense of removing, depositing, and concealing a large quantity of whiskey with intent to defraud the United States of the tax imposed thereon, count 1; possessing a large quantity of whiskey in containers not bearing proper tax stamps denoting the quantity of such whiskey contained therein and evidencing the payment of all Internal Revenue taxes imposed thereon, count 2; as charged in the indictment, and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court.

"It is adjudged that the defendant is guilty as charged and convicted.

"It is adjudged that the defendant is hereby fined One Hundred ($100) Dollars, to stand committed, and that defendant be imprisoned until payment of said fine, or until he is otherwise discharged as provided by law.

"It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant.

"Seybourn H. Lynne
"United States District Judge."

Mr. J. H. Seale, the Sheriff of Hale County, Alabama, testified that on the night that he seized the automobile that Mr. Lee made the following statement:

"I was convicted a little over a year ago in Tuscaloosa County, Alabama, for violating the prohibition law. I was convicted at that time for hauling whiskey."

Mrs. Earnestine Lee testified that she is the wife of Mr. Charles Lee, Jr.; that she is the owner of the automobile which is sought to be condemned; that she bought it from Mr. Joe Speed who is a salesman for the Tuscaloosa Lincoln-Mercury Company. She introduced in evidence the bill of sale for said automobile showing that it was sold to her on February 28, 1952, for the sum of $2,892.26; and that she was allowed the sum of $1,892.26 as a trade-in credit on the purchase price for her 1951 Ford Four-door Sedan and she testified that she paid the balance of $1,000 in cash; and that the automobile that she traded in on the purchase price was her automobile. She further testified that Mr. Lee always asked her for permission to use her car; that she did not give him permission to use her car at the time it was seized; that she was in the house, and it was about dark, and she was getting the kids ready for bed; that her car was outside and had the keys in it; that sometimes she did not take them out; that Mr. Lee came in and said, "I'll be back in a few minutes," and that she went on bathing the kids, and after she got undressed she went back to the door to see if he was back, and her car was gone. She testified that he was not in the habit of taking her car unless he asked her but that on this occasion he just took it without her knowledge. She further testified that she had heard the officers testify that Mr. Lee had a bad reputation but that she had never known that herself. She then was asked the following questions and made the following answers:

"Q. Did you ever hear that Charles paid a fine in the Federal Court in Tuscaloosa? A. I didn't hear it at the time. I heard about it sometime later. He told me he wasn't guilty and I believed him.

"Q. He hold you he paid a fine in the Federal Court? A. Yes."

She further testified that she did not know anything about his dealing in liquor

and that he did not have her permission to use her automobile. She was asked the following questions and gave the following answers:

"Q. Do you drive a càr? A. I drive some.

"Q. Have you ever had a driver's license? A. No, I haven't learned that well."

Mrs. Lee's testimony showed further that she had been married about six years; that she worked before she was married and had worked some since she was married, and had saved up at least $500, and that her husband gave her some money to pay on the automobile. Mrs. Lee was asked the following questions and gave the following answers:

"Q. Did you put a mortgage on the car, Mrs. Lee? A. I didn't.

"Q. Isn't a mortgage on it to the First National Bank in Tuscaloosa? Didn't you know the First National Bank of Tuscaloosa has a mortgage on that car? A. I heard of it.

"Q. Did Mr. Lee sign that mortgage or did you sign it? A. (No answer.)

"Q. As a matter of fact he signed it and he has had a mortgage on it since he first bought it? A. Yes, sir.

"Q. Did you ever tell the bank that the car was yours and not your husband's? A. No * * *.

"Q. You never did go in there to discuss it. You say you own the car and you know your husband mortgaged it? A. I wasn't positive he mortgaged it."

On recross-examination she testified that she had not heard of the mortgage before the day of the trial in this cause.

■ The burden is on the state to prove that the automobile sought to be condemned was used in transporting prohibited liquors as defined in the statute. Kelley v. State, 219 Ala. 415, 122 So. 638.

■ The state proved without dispute that prohibited liquors were being illegally transported in the automobile by Mr. Charles Lee, Jr., at the time it was seized.

■ The burden of proof was then shifted by the statute to the intervening owner or claimant, Mrs. Earnestine Lee (1) to establish her superior title thereto, and (2) to prove that she had no knowledge or notice of the illegal use of the automobile or could not by reasonable diligence have obtained knowledge or notice thereof to prevent the illegal use. State ex rel. Tate v. One Lexington Automobile, 203 Ala. 506, 84 So. 297; Parker v. State ex rel. Embry, 246 Ala. 372, 20 So.2d 719; Edwards v. State ex rel. Embry, 246 Ala. 420, 20 So.2d 869; Anderson v. State ex rel. Dormon, 246 Ala. 468, 20 So.2d 864; Deerman v. State ex rel. Bains, 253 Ala. 632, 46 So.2d 410.

■ The testimony was taken orally before the court. The trial court had the advantage of observing the demeanor of the witnesses. After hearing all of the testimony, the court entered the following opinion and decree:

"This cause, coming on to be heard was submitted to the Court for final decree on the testimony and the evidence taken in open Court before the Court, and the exhibits thereto and the petition and other pleadings in the cause as noted in the note of submission by the Register and the Solicitor for the State of Alabama on file in this cause; and the Court having heard and considered the same is of the opinion that the Complainant is entitled to the relief prayed for in the petition and that the prayer of the petition should be granted.

"Came Earnestine Lee in said cause and intervened by filing her claim to the vehicle described in the petition and sought to be condemned in this cause. The court however, having observed the demeanor of the witnesses is satisfied from the evidence that said Earnestine Lee was not without knowledge or notice of the intended illegal use of the vehicle and that the same was used illegally with her consent, and that her paper title to the vehicle was no more than a sham to protect the same from seizure on account of any such illegal use. Accordingly, the claim of the said Earnestine Lee should be denied.

"It is therefore ordered, adjudged and decreed by the court as follows:

"1. That the 1952 Mercury automobile described in the petition in this cause, namely, one 1952 Mercury Automobile, Motor No. 52 SL 16965 M, is hereby declared to be contraband and forfeited to the State of Alabama for and on account of said automobile having been used for the illegal transportation of prohibited liquor, contrary to law.

"2. And said automobile is hereby condemned as such contraband property and it is ordered to be sold at public outcry, to the highest bidder, for cash, in front of the Courthouse of Hale County in the city of Greensboro, Alabama, within the legal hours of sale, by the Register of this Court after first giving notice thereof by publication once a week for three (3) consecutive weeks in some newspaper published in Hale County, Ala.

"3. The claim asserted to the said property by Earnestine Lee, wife of the Defendant, Charles Lee, Jr., is hereby denied and said property shall be sold free of all claims asserted thereto.

"4. It is further ordered, adjudged and decreed by the Court that after first deducting all costs herein accrued, including custodian's fee and storage, that the Register distribute the remainder of the proceeds from sale of said property in strict accordance with the law in such cases as now provided by Section 259, Title 21 [(sic) section 251 of Title 29] of the 1940 Code of Alabama as last amended.

"Ordered and decreed this the 9th day of October, 1952.

"W. E. Callen
"Judge of the Fourth Judicial Circuit of Alabama presiding in said cause."

After a careful reading and consideration of all of the testimony, we are of the opinion that the decree of the trial court should be affirmed. It is so ordered.

Affirmed.

All the Justices concur.