I. Facts and Procedural History
This dispute concerns a prescriptive easement over waterfront property on Lake Martin owned by Wesley E. Dekle and Sharon R. Dekle, making the Dekles' lot servient to that of their next-door neighbors, M. Lee Seagraves and Susan Seagraves, for access to a boat ramp. Although the details of the original property transfers are scant, the two parcels were once owned by Alabama Power Company and were eventually divided and sold as part of a subdivision in the 1990s.
The original owner of the Seagraveses' lot, the allegedly dominant lot, after Alabama Power, was John R. Jones, who had leased the lot from Alabama Power from the late 1970s. In the 1980s Jones built a concrete boat ramp on the allegedly servient lot, i.e., the Dekles' lot. The Dekles bought the allegedly servient lot from John P. Wachtel and Shirley A. Wachtel in March 1996, and the Dekles claim to have agreed with Jones that Jones would have the use of the boat ramp in exchange for their use of his well for their domestic water. City water service became available to the Dekles in early 1998, and when Jones died about that time, the Dekles disconnected the waterlines from his well and considered the alleged agreement to be terminated. *Page 1259 
Jones's daughter, Cheryl C. Corlee, sold the property to the Seagraveses on May 12, 1999, and the Seagraveses began using the boat ramp on the Dekles' property. The Dekles did not object, but they claim to have shown the Seagraveses the property lines before they purchased the Jones property and to have told them that the boat ramp, although close to the property line, was on the Dekles' property. The Seagraveses state that they did not meet the Dekles until a year after they purchased the property. The Dekles' deed shows the lot to be subject to "existing utility and ingress-egress easements and the facilities thereon, whether or not of record, and which would be disclosed by [an] inspection of the property; also easements shown on recorded plat." Dekles' brief at 2. No easement involving the boat ramp is recorded or included on the plat.
When the Seagraveses poured a concrete drive from the parking pad on their property to the boat ramp on the Dekles' property, the Dekles notified Alabama Power that the Seagraveses had infringed on Alabama Power's waterfront easement. Eventually the Seagraveses removed the concrete, and the Dekles erected a chain-link fence on the property line, denying the Seagraveses access to the boat ramp. The Seagraveses then sued the Dekles, alleging claims of ejectment, trespass to easement, and negligence and seeking a judgment declaring their right to the claimed easement. Seagraveses' brief at 2. The Dekles answered with a general denial and demanded a jury trial on all triable issues. The Seagraveses dismissed the negligence and trespass counts before the trial, leaving the statutory-ejectment claim and the declaratory-judgment claim.
The statutory-ejectment claim and the declaratory-judgment claim went to trial before a jury on March 9, 2005. At trial, the Seagraveses claimed that they "and their predecessors had been using the easement openly, notoriously, adversely and continually for `a period of in excess of twenty years.'" Dekles' petition, exhibit C, at 3. At the close of the Seagraveses' case-in-chief, the Dekles moved for a judgment as a matter of law ("JML"), claiming that the Seagraveses "had failed to prove their cause of action. . . ." The trial court denied the motion for a JML, and the court also denied the same motion when it was renewed at the close of all evidence. The trial court then instructed the jury only on the requirements for a prescriptive easement, because the jury was required to find that an easement existed if enforcement by declaratory judgment and ejectment was to be ordered. The Dekles did not object to the jury charge, allegedly because they believed that the jury could not find that the Seagraveses had met all the elements required for a prescriptive easement. The Dekles later claimed that their renewed motion for a JML was based in part on the allegation that no evidence of the alleged agreement with Jones, who was deceased, was allowed into evidence. The alleged agreement was discussed before the jury, however, and the trial court allowed the evidence of the existence of the agreement, instructing the jury that the testimony as to the Dekles' alleged agreement with Jones was being allowed over the Seagraveses' objection. The jury found that the Seagraveses had obtained a prescriptive easement over the Dekles' property to the boat ramp, apparently tacking the Seagraveses' use onto Jones's use and finding the existence of the other elements of prescription. The trial court entered a judgment for the Seagraveses.
The Dekles appealed to the Court of Civil Appeals, which affirmed the trial court's judgment, without an opinion, citing as authority in its no-opinion affirmance State Farm MutualAutomobile Insurance Co. v. Motley, 909 So.2d 806, 822 *Page 1260 
(Ala. 2005); Blue Cross Blue Shield of Alabama v.Hodurski, 899 So.2d 949 (Ala. 2004); Crutcher v.Wendy's of North Alabama, Inc., 857 So.2d 82, 97
(Ala. 2003); Johnny Spradlin Auto Parts, Inc. v.Cochran, 568 So.2d 738, 741 (Ala. 1990); and Hampton v.Magnolia Towing Co., 338 F.2d 303, 306 (5th Cir. 1964).Dekle v. Seagraves 981 So.2d 1179
(Ala.Civ.App. 2006)(table). The Dekles then petitioned this Court for certiorari review, stating three grounds. We granted review only on the ground alleging that the Court of Civil Appeals' no-opinion affirmance conflicts with decisions of this Court.
The Dekles present four issues for this Court's consideration:
 1. Did the Court of Civil Appeals err in apparently determining that the Dekles failed to cite appropriate authority in support of their position in their brief to that court?
 2. Did the Court of Civil Appeals err in apparently determining that the Dekles failed to properly preserve certain issues for appellate review?
 3. Did the Court of Civil Appeals err in apparently determining that the Dekles had improperly raised issues for the first time on appeal?
 4. Did the Court of Civil Appeals err in deciding the case based on an allegedly improper standard of review?
 II. Standard of Review
The Dekles in their petition ask this Court to review four legal issues raised by the no-opinion affirmance of the Court of Civil Appeals by virtue of the cases cited in that no-opinion affirmance. We interpret the no-opinion affirmance differently than do the Dekles, however, as we will explain below. The determinative issue, as we see it, is the reasoning behind the trial court's denial of the Dekles' motions for a judgment as a matter of law.
 "In reviewing a decision of the Court of Civil Appeals on a petition for a writ of certiorari, this Court `accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.' Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala. 1996)."
Ex parte Exxon Mobil Corp., 926 So.2d 303, 308
(Ala. 2005). A de novo review is "a review without any assumption of correctness." King Mines Resort, Inc. v. Malachi Mining Minerals, Inc., 518 So.2d 714, 716 (Ala. 1987).
 III. Analysis
We granted certiorari review in this case to consider an apparent conflict in the caselaw concerning the required precision with which grounds must be stated in a renewed motion for a JML or, alternatively, for a new trial, based on insufficiency of the evidence.
The Dekles asserted in their motions for a JML that the Seagraveses had failed to prove their cause of action. This Court has held that it is not necessary for a plaintiff to prove a cause of action by undisputed evidence to preclude a JML; the plaintiff need merely to provide substantial evidence that produces a conflict for resolution by the finder of fact.
 "[The defendant] asserts that the trial court erred in not granting it either a directed verdict at the close of the plaintiff's evidence or a [judgment notwithstanding the verdict] [both now renamed as judgments as a matter of law], on grounds that [the plaintiff] failed to prove . . . an essential element of a cause of action for breach of contract. We find, upon examining the facts set *Page 1261 
out above, that there was sufficient evidence before the trial court to produce a conflict as to whether the eventual default . . . damaged [the plaintiff], and we hold, therefore, that the trial court did not err in denying [the defendant's] motions for directed verdict and [judgment notwithstanding the verdict]."
Bussey v. John Deere Co., 531 So.2d 860, 863-64
(Ala. 1988).
Here, the trial court charged the jury on the elements of a prescriptive easement as opposed to an easement by statutory adverse possession, asking the jury to "look back over the years and determine whether or not the facts and evidence show that an easement was established under the law." The trial court instructed the jury that "[t]o recover the . . . property right alleged to be lost . . . the [Seagraveses] must prove to the reasonable satisfaction of the jury, from the evidence that the [Seagraveses] had the right to immediate use of the easement alleged." It further instructed the jury that
 "[p]rescription means that if a party is in possession of a right to use property, and that the possession of that right is hostile under claim of right, actual, open, notorious, exclusive, continuous, visible and uninterrupted for the prescriptive period of 20 years, then the possession of that right ripens into a legally recognized interest in the property."
The elemental terms were defined in detail to convey the legal meaning of each term to the jury. The trial court then defined the prescriptive period of 20 years as meaning "20 years of the current person claiming the right and his predecessors who have claimed the same right."
In the Court of Civil Appeals, the Dekles argued that there were two reasons the requirement for a 20-year prescriptive period was not met: first, the period would have begun to run "before the lots were platted and sold by Alabama Power, [because] before that time the boat ramp was not adverse to anything, because the two lots were part of the same original parcel"; and second, because Jones's use of the boat ramp after the Dekles acquired the lot on which the boat ramp was located was "under an agreement" and thus was not hostile. Dekles' brief at 20-22. We see no evidence that the Dekles' first argument was presented to the trial court, and "[t]his Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt OilCo., 612 So.2d 409, 410 (Ala. 1992); see alsoRodriguez-Ramos v. J. Thomas Williams, Jr., M.D., P.C.,580 So.2d 1326, 1328 (Ala. 1991). As to the second argument, the Dekles' statement in their motion for a JML or a new trial that the jury was not permitted to hear the discussion of their alleged agreement with Jones is contradicted by the record. Over the Seagraveses' objection, the jury heard testimony regarding the alleged agreement between the Dekles and Jones when the trial court admitted the testimony with the understanding that the other party to the alleged agreement — Jones — was deceased and that there was no offer of any documentation of the purported agreement. The record indicates that sufficient evidence was presented to the jury to support its verdict and that the Dekles failed to preserve for appellate review the issue whether the 20-year prescriptive period can include a leasehold.
We now address certain of the Dekles' arguments directed to the Court of Civil Appeals' no-opinion affirmance. The pinpoint citation in that document to Johnny Spradlin,568 So.2d at 741, refers to a two-part test that requires that *Page 1262 
 "[a]n appellant who seeks reversal of an adverse judgment on the ground that there is insufficient evidence must meet a two-pronged test: he must have asked for a [JML] at the close of all evidence, specifying `insufficiency of the evidence' as a ground, and he must have renewed this motion by way of a timely filed motion for [a JML], that again specified the same insufficiency-of-the-evidence ground. Rule 50, Ala. R. Civ. P.; King Mines Resort v. Malachi Mining Minerals, Inc., 518 So.2d 714 (Ala. 1987)."
Johnny Spradlin, 568 So.2d at 741. Although the Dekles argue that they met the requirements of the two-prong test, Dekles' brief at 26-27, the Court of Civil Appeals could reasonably have concluded that the Dekles failed to provide the specificity required by each prong of the test. At the close of the Seagraveses' case-in-chief, the Dekles stated: "Basically our argument would be, Judge, that the plaintiffs failed to prove their cause of action for statutory ejectment and also they have claimed declaratory judgment. . . ." Then, at the close of all evidence, they stated that "[w]e just renew our motion previously made." The Dekles did not specify "insufficiency of the evidence" in their motions, and we therefore find no error or conflict with caselaw in the Court of Civil Appeals' use of Johnny Spradlin in this case.
In their brief to the Court of Civil Appeals, the Dekles argued that "[Jones's] use of the land cannot satisfy the initial 20-year prerequisite. Mr. Jones did not own, but merely leased the property in 1980, when the alleged prescriptive use is argued to have commenced." Dekles' brief at 20. The basis for the argument that the time land is under lease cannot contribute to a prescriptive period was "[not] supported by citations to the record," and the argument is "unsupported by proper citation to legal authority, violates Rule 28(a), Ala. R.App. P., [and was] not argued in the trial court." Crutcher,857 So.2d at 97. Furthermore, the citation to Crutcher in the Court of Civil Appeals' no-opinion affirmance could alternatively refer to the following statement inCrutcher: "`"Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor [our] function to perform all of the legal research for the appellant."'" 857 So.2d at 97 (quoting McLemore v.Fleming, 604 So.2d 353, 353 (Ala. 1992), quoting in turnGibson v. Nix, 460 So.2d 1346, 1347
(Ala.Civ.App. 1984)). We find no error or conflict in the caselaw with this application of Crutcher by the Court of Civil Appeals.
The Court of Civil Appeals also cited State Farm MutualAutomobile Insurance Co. v. Motley, apparently in response to the Dekles' argument that a prescriptive period may not include periods of leasehold. It states, in particular, that "[the appellant] having cited no authority whatsoever in support of its novel theory, and the theory not otherwise being `self-evident,' we decline to adopt it." 909 So.2d at 822.
Our review has indicated that the Dekles failed to argue in the trial court the issue whether a prescriptive period may include the period during which the land was leased. Their argument that they had an agreement with Jones and that his use of the boat ramp on their lot was therefore not adverse was before the jury and was apparently considered in the jury's deliberations. Accordingly, we hold that the Court of Civil Appeals did not err in affirming the judgment of the trial court, which had sufficient evidence before it to *Page 1263 
present the question to a jury for determination.
The citations to cases in the Court of Civil Appeals' no-opinion affirmance provide guidance as to the basis of that Court's ruling; we find no conflict with that caselaw in its application here. Accordingly, we pretermit discussion of the cases in the Court of Civil Appeals' no-opinion affirmance that are not specifically addressed herein.
 IV. Conclusion
We granted the Dekles' petition to review the decision of the Court of Civil Appeals based on the ground asserted in the petition, i.e., that the decision conflicts with controlling precedent. Although a no-opinion affirmance is sometimes subject to differing interpretations, this no-opinion affirmance is self-explanatory because of the use of pinpoint citations. It is not this Court's function in the appellate process to reweigh the evidence presented to a jury; rather, we are to review the legal issues raised in the petitioner's or appellant's brief. We find no conflict between the decision of the Court of Civil Appeals and controlling precedent, and the writ, therefore, is due to be quashed.
WRIT QUASHED.
SEE, LYONS, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.
MURDOCK, J., recuses himself.