MOORE, Judge,
dissenting.
I respectfully dissent.
In its brief to this court, the State of Alabama argues primarily that the trial court erred in finding that Peggy Holcomb (“the grandmother”) was a “bona fide lien-holder” whose interest may be protected in a forfeiture action under § 20-2-93(h), Ala.Code 1975. The State essentially contends that the grandmother never obtained a security interest in the 2006 Ford F-150 truck that had been seized because, unlike the father who held a perfected security interest in Jester v. State, 668 So.2d 822 (Aa.Civ.App.1995), the grandmother in this case
“did not present any evidence that she perfected a security interest in the vehicle.
[[Image here]]
“... [The grandmother] did nothing to secure her interest in the Ford F-150 truck. She did not have a written contract with [Holcomb Blake] Pressley [ (‘the grandson’) ], and she was not listed on the [certificate of] title. [The grandmother] only provided evidence that she provided the initial funds to purchase the vehicle, and she later decided to sell the truck to [the grandson]. This was not enough to perfect a security interest in the property....”
State’s brief, p. 9. That argument basically asserts three premises: (1) that a “bona fide lienholder” is one who holds a “perfected security interest” in personal property subject to forfeiture; (2) that a security interest cannot be formed without a written contract; and (3) that the failure to list a lienholder with a perfected security interest on a certificate of title of an automobile indicates the nonexistence of a perfected security interest in the automobile. Each of those propositions are not so necessarily self-evident that they do not require some citation to legal authority. See Ex parte Dekle, 991 So.2d 1257, 1262 (Ala.2008) (holding that appellant must cite legal authority for propositions of law that are not “self-evident” (citing State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 822 (Ala.2005))). However, the State has provided this court with no legal authority to support any of the premises of its argument.
The State does cite Jester v. State, supra. In that case, this court held that a party who holds a security interest under former Article 9 (now Article 9A) of the Uniform Commercial Code (“the U.C.C.”)[5] is “necessarily” a “lienholder” within the meaning of § 20-2-93(h), 668 So.2d at 825, but this court did not hold in Jester that a party who does not hold a security interest under former Article 9 of the U.C.C. cannot also be a “lienholder.” The State raised that argument in Jester, see 668 So.2d at 823 (“The State argues that because Article 9 of the Uniform Commercial Code applies ‘to security interests created by contract,’ Ala.Code 1975, [former] § 7- *1070 9-102(2), the father cannot be a 'bona fide lienholder’ under [Ala.Code 1975,] § 20-2-93(h) unless he is a ‘secured party under Article 9 of the U.C.C.”), but this court did not decide that question because it found that the father in Jester was a secured party under Article 9.
The main opinion devotes several pages to the legislative history of § 20-2-93 and the caselaw construing that statute, both as it currently exists and as it existed in the past. 100 So.3d at 1062-63. Ultimately, the main opinion determines that, despite amending the statute to remove any language referencing a “security interest” or a “secured party,” the legislature intended that only secured parties holding security interests under former Article 9 (now Article 9A) would be considered lien-holders under § 20-2-93(h). 100 So.3d at 1063; but see Pinigis v. Regions Bank, 977 So.2d 446, 452 (Ala.2007) (“It is well settled that when the legislature makes a ‘material change in the language of [an] original act,’ it is ‘presumed to indicate a change in legal rights.’ ” (quoting 1A Norman J. Singer, Statutes and Statutory Construction § 22:30 (6th ed.2002))). Notably, in its brief to this court, the State does not make any legislative-history argument, nor any other statutory-construction argument for that matter, nor does it cite any of the caselaw relied upon by the main opinion.
The main opinion next spends several pages delving into various provisions in former Article 9 and current Article 9A and caselaw construing those articles to establish that a security interest cannot be created without a writing evidencing the debtor’s consent to create a security interest as to specific personal property. 100 So.3d at 1065-67. In its brief to this court, the State does not mention a single provision of former Article 9 or Article 9A and does not cite to any decisional law from this or any other state that requires a written security agreement authenticated by the debtor in order for a security interest to exist.
Because the main opinion concludes that the grandmother did not have a security interest and therefore could not be a “lien-holder” within the meaning of § 20-2-93(h), the main opinion does not address the State’s argument that the grandmother did not perfect her security interest in the truck because she was not listed as a lienholder on the certificate of title. However, I must note that the State did not provide this court with any statutory or other authority to support that proposition either.
“‘Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s ... brief contain “citations to the cases, statutes, [and] other authorities ... relied on,” ’ University of South Alabama v. Progressive Ins. Co., 904 So.2d 1242, 1247 (Ala.2004), and the effect of noncompliance with this rule is well established. ‘ “[W]here no legal authority is cited or argued, the effect is the same as if no argument had been made.”’ Steele v. Rosenfeld, LLC, 936 So.2d 488, 493 (Ala.2005) (quoting Bennett v. Bennett, 506 So.2d 1021, 1023 (Ala.Civ.App.1987) (emphasis added in Steele)).”
Walden v. Hutchinson, 987 So.2d 1109, 1120 (Ala.2007). In the absence of an argument supported by legal authority, an alleged error of law committed by a trial court is considered “essentially unchallenged on appeal.” Id. An appellant waives the right to appellate review of a ruling on a question of law when the appellant fails to cite any legal authority on that point as required by Rule 28(a)(10), Ala. R.App. P. Slack v. Stream, 988 So.2d 516, 533-34 (Ala.2008). This court cannot cure that deficiency by creating legal arguments for the appellant, see Spradlin v. Spradlin, 601 So.2d 76, 78-79 (Ala.1992), *1071 because it is not the function of this court to perform an appellant’s legal research. City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998).
Disregarding those arguments the State fails to appropriately support, see State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 822 (Ala.2005) (“[I]t is well settled that a failure to comply with the requirements of Rule 28(a)(10) ... provides this Court with a basis for disregarding those arguments.”), and concentrating solely on the arguments properly argued and supported by the State, I find no basis for reversing the judgment of the trial court. The State argues that the evidence proved that the grandmother purchased the truck as a sham transaction to protect the grandson’s illegal use, as occurred in Lee v. State ex rel. Hare, 259 Ala. 455, 66 So.2d 881 (1958). However, the trial court disagreed with that assertion, and its factual findings are supported by substantial evidence. See Buchanan v. Buchanan, 936 So.2d 1084, 1087 (Ala.Civ.App.2005) (holding that trial court’s resolution of disputed facts are conclusive on appeal when supported by substantial evidence). The State also argues that the trial court erred in concluding that the agreement between the grandmother and the grandson regarding payment for the truck satisfied § 8-9-2, Ala.Code 1975, the Statute of Frauds.[6] However, the State did not raise that argument before the trial court, and it cannot be raised for the first time on appeal. See Simmons v. Simmons, 99 So.3d 316, 323 (Ala.Civ.App.2011) (holding that failure to file a postjudgment motion on alleged error of law relating to ruling on exception to the Statute of Frauds that was committed for first time in the judgment waives any objection to that ruling and that, in the absence of any other formal objection, the issue is not preserved for appellate review).[7]
Based on the foregoing analysis, I would affirm the trial court’s judgment.

. See note 1 in the main opinion. 100 So.3d at 1061.

. The State does not argue that § 8-9-2 does not apply to the transaction between the grandmother and the grandson, as the main opinion determines. 100 So.3d at 1071.

. The State also argues that the grandmother was not the "owner” of the truck for purposes of § 20-2-93(h), Ala.Code 1975. The trial court found that the grandmother was a lien-holder, not the owner of the truck, so I find no need to address that argument.